The incipiency of this case was before the Board of Tax Appeals. Plaintiff therein sought to have revoked permits issued to defendant authorizing him to sell by retail, during the year 1946, intoxicating liquors. Under said permits defendant opened up and operated a place of business on the Sterlington Highway in Ouachita Parish, known as "Elliott's Bar and Night Club." As a basis of the action to revoke, plaintiff alleged that many disturbances of the peace and violations of Acts Nos. 190 and 384 of 1946 occurred on and about the premises of said bar and night club, since it first begain business in August, 1946. Over thirty instances thereof are specifically named.
Defendant excepted to the jurisdiction of the Board ratione personæ and ratione materiæ and excepted to the petition as disclosing neither a cause or a right of action. All the exceptions were overruled. Answering, defendant articulately denied all allegations of the petition serving as the basis of the action to revoke.
After trial on the merits, the Board rendered an order directing the Department of Revenue to cancel and revoke, as of date of the order (November 20, 1946), the 1946 retail liquor permit and retail beer permit issued to defendant. Defendant appealed devolutively to the Fourth District Court of Ouachita Parish. There, after trial de novo, the action of the Board of Tax Appeals was affirmed. Defendant then appealed to this court.
[1] The order of the Board of Tax Appeals became operative immediately upon rendition. It effectively put the defendant out of business as under Acts Nos. 190 and 384 of 1946, he was without right of suspensive appeal to the District Court or to this court.
A permit or license by the State or any political subdivision thereof authorizing a person to engage in the sale by retail of intoxicating liquors is declared by said acts to be a personal privilege and expires by express provision of these statutes on December 31st of the year in which issued. The permittee, as a condition precedent to the continuance of the retail liquor business after December 31st, is required not later than November 15th, prior to the expiration of the permit, to apply for new permit in the form and manner set out in said laws, to conduct said business for the ensuing year.
This case involves permits to do business during the year 1946. Defendant's right to engage in the business comprehended therein expired on December 31st. Any action of this court with respect to the subject matter of the case would be without effect so far as concerns defendant's right to operate his business under the permits sought to be revoked. A judgment an the merits *Page 147 
of the case could not possibly have the effect of restoring to life that which had ceased to exist. Such a judgment would not automatically give to defendant the right to demand a permit to engage in the named business for the year 1947.
[2] For the reasons herein assigned, it is our opinion that the question tendered by this suit and appeal is obviously moot; and for said reasons, the appeal is hereby dismissed at the cost of the appellant.