119 So.2d 481

**Joseph DAUM et al.**

**v.**

**Pendleton E. LEHDE et al.**

No. 44001.

March 21, 1960.

Rehearing Denied April 25, 1960.

Harry P. Gamble, Jr., Gamble & Gamble, Lautenschlaeger & Gamble, New Orleans, for plaintiffs-appellants.

Felix W. Gaudin, James J. Grevemberg, New Orleans, for defendants-appellees.

FOURNET, Chief Justice.

The plaintiffs, Joseph Daum and Bernard Freedman, having agreed by contract dated August 1, 1956 with the defendant, Pendleton E. Lehde, to purchase on or before ninety days the latter's property at 334–336 North Rampart Street in New Orleans for

the price of $17,500, and the improvements at that location having been partially destroyed by fire on September 26, 1956, prior to the consummation of the sale, instituted the instant suit for specific performance,[1] making these alternative demands: (a) to have defendant deliver to them the property in substantially the condition in which it was on August 1, 1956, upon plaintiffs' payment to him of $17,500; (b) to have defendant sell to them the property in its fire damaged condition together with a surrender of the sum received by defendant on account of said fire loss, upon their payment of $17,500; (c) to have defendant sell to them the property in its fire damaged condition together with allowance of a sum (alleged to be $12,000) sufficient to restore said property, upon their payment of the agreed price of $17,500; (d) to have said agreement of August 1 cancelled, and to recover the deposit of $1,750, together with an equal amount of $1,750 as penalty, and the sum of $248.75 (expenses allegedly incurred preparatory to the sale), plus

$1,000 as attorney's fees. From a judgment ordering the return to plaintiffs of their deposit of $1,750, but dismissing their suit in all other respects, the plaintiffs prosecute this appeal.

■ We find no difficulty in resolving plaintiffs' primary demand against them; as was very aptly observed by the notary selected by them for the purpose of executing the act of sale, in a letter addressed to defendant under date of October 29, 1956 (incorporated in extenso in plaintiffs' petition), "the delivery of the property in the condition in which it was on August 1, 1956 is presently impossible;" and we know of no procedure sanctioned by law under which the courts could compel the defendant to place this building in the condition in which it was prior to the fire damage. While counsel has devoted the major portion of the argument in his brief to this demand, the authorities relied on are inapposite from a legal and factual standpoint.

1. On October 29, 1956, just prior to expiration of the ninety-day period provided in the agreement, plaintiffs advised defendant that passage of the act of sale was set for the following day; that while they were entitled to have said property delivered to them in the condition in which it was on August 1, 1956, since such was impossible due to the fire damage, they would expect defendant to transfer title to the property in its present condition and to assign to them his interest in policies insuring against loss by fire "insofar as it may be necessary to restore the premises to their condition prior to the fire." A procès verbal of the following day's proceedings between the parties with reference to the sale recites that the purchasers announced themselves ready and able to take title under the condition outlined in the notice of the previous day; that the seller refused to assign his interest in fire insurance policies covering the building but declared he was prepared to transfer the property "in its present condition" for the price of $17,500, which offer the purchasers refused. This suit followed on April 11, 1957.

■  The plaintiffs' first alternative demand is equally without merit.  While a cursory reading of the article of the Revised Civil Code relied on [2] might indicate that its provisions are favorable to the said demand (i. e., that defendant surrender the sum received as insurance against fire), a more careful study leads to the inevitable conclusion that the Article has no application under the facts of this case.  The wording of Article 2220 is almost a literal translation of Article 1303 of the Code Napoleon, said by the French authors and commentators to have been borrowed from Roman law and to have found infrequent application in France,[3] but when invoked to have been interpreted by the Courts of that country as referring to rights and actions against those causing the damage and not to rights and actions against an insurance company.[4]  We think that this reasoning is eminently sound, and while it does not appear that our Article 2220 has received previous interpretation by the Courts of this State, the result is but logical that a right of action against one who caused the damage, sounding in tort, should be assigned to the purchaser, whereas a claim under a policy insuring the owner against loss, founded on contract and based on a mutuality of obligations, is not within the intendment of the term "claim or action for indemnification" as found in Article 2220 of our Code.

■  Plaintiffs' second alternative demand (that the property be conveyed to them in its damaged condition and that they be allowed a sum sufficient to restore it to its condition prior to the fire) is based on Article 2455 of the Revised Civil Code which gives the purchaser the option to either abandon the sale of the partially destroyed thing or to claim the preserved part by having the price thereof determined by appraisement.[5]  However, that choice is no longer available to plaintiffs.  The fire occurred on September 26, 1956, more than thirty days before expiration of the time for passage of title, yet plaintiffs

---

2.  R.C.C. Article 2220 declares: "When the thing is destroyed, rendered unsalable, or lost, without the fault of the debtor, he is bound, if he has any claim or action for indemnification, on account of that thing, to make over the same to the creditor."

3.  Planiol, Civil Law Treatise (11th ed., 1939), English Translation by the Louisiana State Law Institute (1959), Vol. 2, No. 628; Colin et Capitant, Cours élémentaire de droit civil français, Tome 2 (2e éd. 1953), § 588, p. 406; Explication du Code Civil, par Me. Bousquet (Avignon, 1805), Tome III, p. 370.

4.  Douai, 3 Jan. 1873; see Code Civil annoté par Ed. Fuzier-Herman et Alcide Darras (Paris, 1896), Tome 3eme, Art. 1303, p. 240.

5.  Article 2455, R.C.C. provides: "If, at the moment of the sale, the thing sold is totally destroyed, the sale is null; if there is only a part of the thing destroyed, the purchaser has the choice, either to abandon the sale, or to retain [claim] the preserved part, by having the price thereof determined by appraisement."

failed within the said period to indicate any intention to exercise the option accorded them by the above article. Quite to the contrary, by letter of October 29, 1956, advising the defendant that the act of sale was set for the following day, plaintiffs stated they would expect him to assign to them "his interest in his insurance policy or policies covering said property against loss by reason of said fire insofar as it may be necessary to restore the premises to their condition prior to the fire;" and at the time set for the sale on the following day, as reflected by the procès verbal prepared by the parties, plaintiffs again repeated the same condition set forth above and said nothing further. While true that they suggested in their letter of October 29th that the contract be extended for thirty days to enable the parties "to negotiate," the defendant did not agree; in any event there was never any mention of exercising the option, and the attempt to do so now is clearly an afterthought. We are therefore constrained to hold that the plaintiffs are not entitled to avail themselves of the choice prescribed in their favor under Article 2455 of the Civil Code, having failed to indicate such intention prior to or at the time set for the sale.

■■ With respect to the penalty provisions of the contract, inasmuch as plaintiffs affirmatively allege in their petition that the property which was subject to said agreement was partially damaged by fire

"through no fault of the defendant," the trial judge was correct in ordering the return of the deposit of the plaintiffs and in dismissing their other demands. See R.C.C. Articles 2219, 2130 and 2455.

For the reasons assigned the judgment appealed from is affirmed.

VIOSCA, J., recused.

119 So.2d 484