VIOSCA, Justice.
 

 Plaintiff brought suit seeking mandamus •ordering Lee G. Lowe, Collector of Revenue for the City of New Orleans, and David R. McGuire, Jr., Chief Administrative Officer for the City of New Orleans, to issue a city liquor permit for the year 1959. The district court gave judgment for the plaintiff ordering the defendants to issue a 1959 Alcoholic Beverage Permit. On appeal to the Court of Appeal this judgment was annulled and reversed and the plaintiff’s suit was dismissed at his cost. Upon application of plaintiff we granted a writ of certiorari and the matter is now submitted.
 

 Since this is a mandamus proceeding by plaintiff to compel defendant to issue a liquor permit for the calendar year 1959 which has expired, the issue presented for determination has now become moot. In an identical situation presented to us in the case of Pellegrin v. City of Gretna, 222 La. 527, 528, 62 So.2d 824, we said:
 

 “Under the provisions of LSA-R.S. 26:71 the license has expired and the issues presented in this suit have become moot. We take judicial notice of the statutes of this state. Miller v. Molony, 157 La. 811, 103 So. 162. The record and the statute show that the question has now become moot and there is no longer any issue to be decided between the litigants. Therefore, this Court, on its own
 
 motion,
 
 will dismiss the proceedings. Doss v. Board of Commissioners, 117 La. 450, 41 So. 720; State ex rel. Le Blanc v. Twenty-First Judicial Dist. Democratic Committee, 123 La. 384, 48 So. 1005.”
 

 In the present case it would serve no useful purpose for this Court to determine whether the plaintiff should have been issued a liquor permit for the year 1959 for any decree which this Court would render, if we were to find merit in plaintiff’s contentions, would be unenforceable. This Court will not render judgments which can
 
 *607
 
 not be made effective nor will we give opinions on moot questions or abstract propositions from which no practical results can follow. State v. Melerine, 238 La. 847, 116 So.2d 689; Navarre v. Lafayette Parish School Board, 226 La. 876, 77 So.2d 520; State ex rel. Jackson v. Madden, 225 La. 786, 74 So.2d 29; Jefferson 7th Ward Social Club v. Grevemberg, 225 La. 607, 73 So.2d 777, and the cases cited therein; Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471 and the cases cited therein.
 

 For the reasons assigned the writ of certiorari issued herein is recalled and plaintiff’s suit is dismissed at his cost.