McBRIDE, Judge.
Relators, Pete Conforto and Madeline Nixon, by original and supplemental and amended petition, sought to mandamus the City of New Orleans, through its authorized agent, to issue to them city liquor permits for the years 1958 and 1959 to be used in connection with the operation of their business at 423 Bourbon Street, New Orleans. After a lengthy trial below, the district court rendered judgment for relators ordering the City to issue the permits, and the City appealed.
This is a mandamus proceeding to compel defendant to issue liquor permits for the years 1958 and 1959 which have expired, and the issue tendered to us for determination by the appeal has now become entirely moot, and it would serve no useful purpose for this court to determine whether relators should have been issued the permits they request for the two years in question. Any judgment which we would render in their favor would not he enforceable. No court should render judgments which are ineffectual nor give opinions on moot questions or abstract propositions from which no practical results can follow. Spinato v. Lowe, 239 La. 604, 119 So.2d 480.
Subsequent to argument and submission of the appeal, counsel for all parties filed in this court what they designated a “joint stipulation” in order to “correct certain errors and omissions in the transcript of the record,” which in part reads as follows •
“I.
“Appearers aver that after oral motion in the Court below by Movers herein an order was rendered consolidating Civil District Courts suits numbered #359-898, #360-157, and #367-998, all of which suits involved substantially the same litigants and the same issues i. e. the City’s and State’s right to refuse alcoholic beverage permits for the sale of beer and liquor at 423 Bourbon Street in the City of New Orleans, known as the Ringside Restaurant and Lounge based upon alleged violations of the zoning ordinance of the City of New Orleans.”
No. 359-898 was a suit filed by Pete Con-forto and Madeline Nixon seeking an injunction against the City of New Orleans-to restrain it from interfering with or preventing said plaintiffs from operating their restaurant, night club and lounge business at 423 Bourbon Street. On April 20, 1959, a preliminary writ of injunction was issued as prayed for against the City and certain of its officials.
No. 360-157 is the present mandamus suit, the appeal in which we have heretofore said is moot.
No. 367-998 was a suit filed by Pete Con-forto and Madeline Nixon for an injunction against Board of Alcoholic Beverages Control restraining said board from interfering with the plaintiffs’ operation of the business at 423 Bourbon Street. A permanent injunction was issued therein as prayed for on April 20, 1959.
The joint stipulation then goes on to say:
“III.
“That it was the agreement and understanding of all parties hereto that *157 the injunctions prayed for were not merely ancillary to the Mandamus proceeding, to stay any action of the City or State pending the disposition of the Mandamus portion of the proceeding, but that the injunction proceedings were independent suits involving constitutional and legal issues in which relief could be granted separately, if necessary, from the Mandamus proceeding, and in which said suits the final and ultimate determination of all of the parties’ rights were sought regardless of the expiration of the annual license of the appellees and their necessity for applying for new ones on a current annual basis.
“IV.
“That the issue presented before this Honorable Court of Appeal is not simply one involving the Appellees’ right to obtain a Mandamus to effectuate that relief, but also involve the Appellees’ permanent right, to obtain relief by injunction, which will finally and permanently adjudicate the issues of fact and law between themselves and the City of New Orleans.”
If the parties to the appeal herein are asking this court to consider whether the appellees have or have not the permanent right to obtain injunctive relief against the City or the Board of Alcoholic Beverages Control, or both, we must decline the request for the simple but valid reason the injunction suits above-mentioned are not before us, no appeals having been taken therein, and in the mandamus proceeding no relief by injunction was sought.
And if the parties by their joint stipulation are endeavoring to obtain an expression from this court whether appel-lees are entitled to liquor permits for 1960 and subsequent years, then we answer that they cannot convert this proceeding, the purpose of which is to coerce the issuance of permits for 1958 and 1959, into a proceeding for a declaratory judgment as to what might be the duty of the City of New Orleans to issue liquor permits for other or future years. These litigants before us do not possess the right to change the form of the proceeding, for to allow this to be done would be equivalent to permitting the parties to transform this court into a court of original jurisdiction, as the trial court did not and could not have passed on anyone’s future rights as that matter was never before him. We conceive it to be the duty of the appellate court to review only matters which were presented to the trial court. We would have no jurisdiction to give our opinion as to the general duty of the City or its officers at some future time. It will be time enough to decide thereon when, if and as such issue is properly brought before us. Therefore, we can give no consideration to the joint stipulation.
As the case is moot, the appeal is dismissed.
Appeal dismissed.