136 So.2d 140 (1961)
John H. HINES, Plaintiff-Appellant,
v.
VILLAGE OF GOLDONNA, Defendant-Appellee.
No. 416.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for plaintiff-appellant.
James L. Womack, Winnfield, for defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
This is a proceeding under LSA-R.S. 26:302 for judicial review of the defendant municipality's refusal to issue the plaintiff *141 a retail permit to sell beer of less than 3.2% alcohol by weight. The plaintiff appeals from the dismissal of his suit.
The defendant municipality had refused to issue a retail beer permit because, pursuant to a local option election in 1941, an ordinance applicable to the municipal area prohibits the sale of beverages of more than ½ of 1% alcohol by volume.
Aside from attacking the validity of the prohibitory ordinance on various technical grounds, the plaintiff chiefly alleges that, due to subsequent legislation, no such prohibition by local option election can affect the sale of 3.2% or less beer or authorize the denial of a retail license for the sale of same. See Act 372 of 1948, Section 5, now LSA-R.S. 26:588; see Act 123 of 1956, Section 2, amending LSA-R.S. 26:272(1). The trial court held that the legislation in question was prospective only in effect and was not intended to change the effect of prohibitory ordinances validly adopted prior thereto.
By the plaintiff's petition and his prayer he seeks review only of the denial of "his application for a 1960 retail beer permit to sell beer in the Town of Goldonna, Louisiana, not to exceed 3.2% alcohol by weight"; and the only relief for which he prays is for judgment ordering the Town of Goldonna "to issue him the permit applied for". The calendar year 1960 for which the permit was sought has expired, and we could not afford the plaintiff the relief demanded by his prayer even if we should decide favorably to his contentions. The appeal is therefore moot and will be dismissed. Spinato v. Lowe, 239 La. 604, 119 So.2d 480; State ex rel. Conforto v. City of New Orleans, La.App.Orl., 124 So.2A 155; Smith v. Elliott, La.App. 2 Cir., 30 So.2d 146.
As the Supreme Court in very similar circumstances held recently in Spinato v. Lowe, above-cited at 119 So.2d 481:
"In the present case it would serve no useful purpose for this Court to determine whether the plaintiff should have been issued a liquor permit for the year 1959 for any decree which this Court would render, if we were to find merit in plaintiff's contentions, would be unenforceable. This Court will not render judgments which cannot be made effective nor will we give opinions on moot questions or abstract propositions from which no practical results can follow. * * *"
For the assigned reasons, the appeal is dismissed, at the cost of the plaintiff-appellant.