PER CURIAM.
The plaintiff contractor had deposited a certified check in the sum of $4,646.04 as a good faith bid bond in connection with a bid to construct two swimming pools for the Town of Bunkie. By this action, the plaintiff seeks return of this bond or, alternatively, a judgment for its amount. The municipality and its corporate officers were 'made defendants.
After trial on the merits the District Court rendered judgment- in favor of the plaintiff and against the defendant municipality in the full sum of the bond deposited. Appeals were taken from this judgment by the city attorney, as a citizen and taxpayer of the municipality; and by the mayor and an alderman in their capacity as defendant town officials, as well as in their capacity as citizens and taxpayers.
The plaintiff-appellee has filed a motion to dismiss the appeal in this court, attached to which are certified copies of the municipal minutes showing that the governing body of the municipality had decided not to appeal the judgment in question and had voted to pay tire plaintiff contractor the amount of the judgment. In addition, the plaintiff-appellee alleges that it has been paid in full the amount of the judgment and attaches a photostatic copy of the check in full payment thereof. Those showings are not denied by the appellants.
Under LSA-C.C.P. Art. 2085, “An appeal cannot be taken by a party * * * who voluntarily and unconditionally acquiesced in a judgment rendered against him.” The judgment was obtained against only the Town of Bunkie, which municipality has voluntarily and unconditionally paid its amount. Such judgment is therefore final.
Insofar as the present appeals are by other parties or third persons to the action who did not themselves acquiesce in the judgment, we are presented only with moot issues. The only party cast has paid in full the judgment, and the appellants, appearing as nominal defendants or as third parties, cannot secure the reversal of this now-final judgment.
An appellate court will not render judgments which cannot be made effective nor will it give opinions on moot questions or abstract propositions from which no practical results can follow. Spihato v. Lowe, 239 La. 604, 119 So.2d 480; Hines v. Village of Goldonna, La.App. 3 Cir., 136 So.2d 140 (No. 416, decided December 11, 1961). The appeal is therefore moot and will be dismissed.
For the assigned reasons, the appeal is dismissed, at the cost of the defendants-appellants.
On Application for Rehearing
En Banc. Rehearing denied.