BAILES, Judge.
Plaintiff-appellant, Francis A. Danna, by this appeal seeks to overturn the ruling of the Civil Service Commission dismissing his appeal from the substandard service rating given him by his employer, Dudley A. Gug-lielmo, Commissioner of Insurance, State of Louisiana. We find the ruling of the Civil Service Commission is correct, and accordingly, affirm its disposition of the case.
For an understanding of the ruling of the Civil Service Commission, some background information is desirable. The record shows that appellant was given a substandard service rating as of March 31, 1965. Mr. Danna was an Insurance Examiner III employed by the Commissioner of Insurance of the State of Louisiana. It appears that this type of work requires the employee to perform his duties both within and without the State, examining various records of domestic and foreign insurance companies doing business in this State. Also it appears, according to Civil Service Rule 10.2, that it is mandatory on the head of the department or agency for which the employee works to make a service rating of each permanent employee as of March 31 of each year.
On May 19, 1965, appellant was notified by letter from the Commissioner of Insurance that he was given a substandard rating. In this letter notice the employer assigned five reasons for the rating. We see no need to detail herein the reasons assigned by the Commissioner of Insurance. On June 1, 1965, appellant requested a hearing on the substandard rating. This request was granted and held at the appointed time.
By letter dated August 31, 1965, the áp-pellant was notified that the Commissioner of Insurance reaffirmed the substandard service rating. Under Civil Service rules, the employer was required to re-rate the appellant’s substandard service rating on or before September 30, 1965. This re-rating *379 was done and the appellant was notified by letter of September 27, 1965, that the substandard rating was reaffirmed for the reasons set forth in the letter notice of August 31, 1965. On September 30, 1965, appellant formally appealed the substandard rating to the Civil Service Commission;
Pending the appeal above referred to and on December 6, 1965, appellant was notified by his appointing authority, the Commissioner of Insurance, that he was dismissed from his position as Insurance Examiner III effective at the close of business on December 15, 1965, for the reasons set forth in the letter of dismissal. Ultimately, and after the accomplishment of all required procedures, this court affirmed the dismissal of appellant from the State service. See Danna v. Commissioner of Insurance, State of Louisiana (1967) 194 So.2d 753.
After the decision of this Court in Danna v. Commissioner of Insurance, State of Louisiana, supra, became final, the appellee herein filed a motion to dismiss the appeal then pending before the Civil Service Commission. In sustaining this motion to dismiss, the Civil Service Commission held:
“In view of the final decision of the Court of Appeal, First Circuit, sustaining appellant’s dismissal from the classified service on the grounds which formed the basis for the substandard service rating in the classified service rating, we are of the opinion that the question of appellant’s substandard service rating in the classified service has now become moot and that the appointing authority’s motion to dismiss is well founded. * *
The question for our decision is whether the dismissed employee, the appellant herein, has a right to have his appeal from a substandard service rating heard by the Civil Service Commission at a time when he is no longer an employee of the State ?
We find the conclusion reached by the Civil Service Commission is correct. The appellant is no longer an employee of the appointing authority, or of the classified service of the State of Louisiana. A determination of the subject matter of the appeal in favor of the appellant will not alter his nonemployee status nor operate in any manner a change in that status. Upon the final termination of appellant as an employee of the State, all rights incidental to employment came to an end, and the question of the correctness vel non of the substandard service rating became moot.
A statement of the general law controlling this appeal is found in 1 C.J.S. Actions § 17c, page 1016, which, in part, states:
“A moot case * * * is a case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, * *
In the case of Spinato v. Lowe (1960) 239 La. 604, 119 So.2d 480, the Supreme Court at 119 So.2d 481 stated:
“In the present case it would serve no useful purpose for this Court to determine whether the plaintiff should have been issued a liquor permit for the year 1959 for any decree which this Court would render, if we were to find merit in plaintiff’s contentions, would be unenforceable. This Court will not render judgments which cannot be made effective nor will we give opinions on moot questions or abstract propositions from which no practical results can follow. He * * .”
The appellant, in his brief, argues and contends that he is entitled to have the issues of the substandard rating which affect his character and reputation passed upon by this Civil Service Commission. We find no merit in this argument. It is beyond the jurisdiction of the Commission to pass upon or sit in judgment of the character and reputation of a person whose status is like that of the appellant. Such action would clearly *380 be beyond the scope of the operation of the Commission, and would go beyond the authority and duty conferred upon it by the Constitution. The Commission is empowered to pass upon employment disputes arising between appointing authorities and employees within the classified services.
Article 14, § 15(0) (2) of the Louisiana Constitution provides:
“(2). Right of Appeal. Subject to the rules governing the right of appeal, persons in the State or City Classified Service who allege that they have been deprived of their rights or discriminated against under the provisions of this Section, * * *, shall be granted the right of appeal before the appropriate Commission.”
The status of “employee” must abide until there is a final determination of the issue, and in the event the employment status is not maintained until the final determination of the issue involved, the question of the appeal becomes moot.
In oral argument, appellant referred to the case of Spruill v. Louisiana Wildlife and Fisheries Commission (1966) La.App., 183 So.2d 141, as supportive of his position. The pivotal question in the instant case was not discussed or passed on in the Spruill case, furthermore, the facts of the Spruill case make it inapposite.
When the appellant was severed from his employment with the Commissioner of Insurance, the entire controversy between the parties to this action came to an end, and there remains only the abstract question of the correctness of the substandard service rating. As between the parties to this litigation, an administrative change in this substandard rating would be of no effect.
For the foregoing reasons, the judgment of the Civil Service Commission is affirmed at appellant’s cost.
Affirmed.