247 So.2d 195 (1971)
Elliott BREAUX, Plaintiff-Appellant-Appellee,
v.
TOWN OF OBERLIN, Defendant-Appellee-Appellant.
No. 3386.
Court of Appeal of Louisiana, Third Circuit.
April 22, 1971.
*196 Tate & Tate, by Donald Tate, Mamou, for plaintiff-appellant.
Ryder & Deshotels, by Errol D. Deshotels, Oberlin, for defendant-appellee.
Before HOOD, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Elliott Breaux appeals the trial court's judgment sustaining the Town of Oberlin's refusal to grant Breaux's 1970 application for a Class "A" Saloon Permit for the sale of liquor and alcoholic beverages for consumption on the permises. The Town appealed the trial court's July 30, 1970 judgment ordering the issuance of a Class "A" Beer Permit providing for the sale of beer for consumption on the premises. The case was tried by the district court pursuant to LSA-R.S. 26:104.
The Town contends that Breaux failed to meet the requirements of LSA-R.S. 26:104 in that he failed to appeal within ten days of notification of the Town's October 13, 1969 refusal to grant the Class "A" Saloon Permit. The Town's minutes of October 31, 1969 show that Breaux had an attorney (not his counsel of record) representing him at that meeting and that the Council voted unanimously to issue a license for package beer and liquor only with no consumption of Alcoholic Beverages and Beer on the premises. The Town admits that no effort was made to send written notice of its action to Breaux.
Breaux contends that he continued to make applications for a Class "A" Saloon permit and the Town continued to consider his applications until the April 13, 1970 council meeting when they refused to act. Breaux filed this suit on April 16, 1970. The evidence indicates that as of April, 1970, at least one councilman wanted to issue the license and others were undecided.
The issue is made difficult by the fact that the Town did not require written applications for Beer or Liquor Permits. Breaux never filed a written application for the Permit. The application was not denied for failure to properly apply. The Town did not give written notice to *197 Breaux of its refusal to grant any of his verbal applications. We find that Breaux applied for a Class "A" Saloon Permit in April of 1970 and the trial court properly concluded that the appeal to the district court was timely. It was perfected within ten days of the Town's refusal to act on Breaux's application.
The Town next contends that the appeal is moot; that the Class "A" Saloon Permit would expire December 31, 1970 (LSA-R.S. 26:71, 26:75, 26:86); and that questions on appeal with respect to the rights of an applicant for a permit to sell alcoholic beverages of high or low content are moot, where the application is for a year that has already elapsed. Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960) and cases cited therein.
This argument is answered in two parts.
First, the Class "A" Saloon permit includes the permit to sell beer for consumption on the premises. The trial court's judgment of July 30, 1970 ordered the Town to issue to Breaux a Class "A" Beer Permit. Licenses to sell beverages of low alcoholic content are issued for the period July 1 to June 30. LSA-R.S. 26:271, 26:284. Therefore the Class "A" Beer Permit ordered issued by the trial court on July 30, 1970 covers the period July 1, 1970 to June 30, 1971. Since that year has not elapsed, the issue as to the Beer Permit is not moot.
Secondly, the Town based its October 13, 1969 refusal to issue a Class "A" Saloon Permit to Breaux on a zoning ordinance passed by the Town on October 2, 1969. Breaux specifically attacked the constitutionality and legality of this ordinance. The trial court held the ordinance valid. While it is too late to grant plaintiff relief for his 1970 Class "A" Saloon Permit because the year 1970 has expired, plaintiff has an interest in the question of the validity of the zoning ordinance. His right to obtain future permits depends on the validity of the zoning ordinance. This issue is not moot.
Plaintiff alleged nine reasons why the Town's October 2, 1969 zoning ordinance should be declared null. We find merit to one and will limit our discussion to that issue.
The zoning ordinance was adopted at a special meeting held October 2, 1969. Notice of the meeting was published September 17, September 24, and October 1, 1969. LSA-R.S. 33:4724 requires that "at least fifteen days shall elapse between the first publication and the date of the hearing."
There were not fifteen days between the first publication of September 17 and the October 2nd date of the meeting. LSA-C.C.P. Art. 5059 provides:
"In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday."
September 17th is not included. Thus only a fourteen day period elapsed between the September 17th publication and the October 2nd date of the hearing.
The zoning ordinance is invalid for the reason that it was enacted prematurely. LSA-R.S. 33:4724. Beauvais v. D. C. Hall Transport, 49 So.2d 44 (La.App. 2 Cir. 1950).
When a law is plain and free from ambiguity, the letter of it is not to be disregarded for the purpose of pursuing its spirit. LSA-R.C.C. Art. 13.
We affirm the trial court's judgment ordering the Town of Oberlin to issue Elliott Breaux a Class "A" Beer Permit.
We reverse the trial court's judgment holding valid the Town of Oberlin's October 2, 1969 zoning ordinance. The Town of Oberlin is assessed with the stenographers' *198 costs for taking testimony. All other costs of court, both at trial and on appeal, are assessed to the Town of Oberlin, but under the provisions of LSA-R.S. 13:4521, the Town is relieved from paying all costs except stenographers' costs for taking testimony.
Affirmed in part. In part, reversed and rendered.