289 So.2d 565 (1974)
STATE of Louisiana In re Mabel Jackson, Plaintiff and Appellee,
v.
Petition for Judicial COMMITMENT (of Mabel JACKSON), Defendant and Appellant.
No. 4423.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
Rehearing Denied February 25, 1974.
*566 Robert L. Kennedy, Colfax, for plaintiff-appellant.
Charles B. Bice, Dist. Atty., Colfax, for defendant-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This appeal arises out of a judicial civil commitment of the defendant-appellant to Central Louisiana State Hospital, Pineville, Louisiana.
On April 6, 1973, the defendant, Mabel Jackson, was admitted for examination and evaluation to the Central Louisiana State Hospital by a Coroner's Commitment authorizing treatment of the defendant for mental illness. The State readily concedes that this initial "order" did not follow the statutory procedures as set forth in LSA-R.S. 28:52. The defendant alleges specifically that:
(a) no original protective custody "order" was actually issued and signed by the Coroner
(b) no written medical report by the examining physician at Central Louisiana State Hospital was forwarded to the Coroner within forty-eight hours after commitment, and
(c) no recommendation of short or long term confinement was made by the examining physician, nor did the Coroner sign a confinement order.
Thereafter, on May 18, 1973, defendant's husband, John Jackson, petitioned the Eighth Judicial District Court in Grant Parish for judicial commitment pursuant to LSA-R.S. 28:53. This statute was explicitly complied with. Two physicians at the state hospital certified that defendant was suffering from a mental illness which causes her to be dangerous to herself or others and/or is incapable of caring for herself or her personal safety. They therefore recommended that judicial commitment procedures be initiated. As aforementioned, John Jackson subsequently filed a petition for judicial commitment. Defendant was advised by the hospital officials of her right to be represented by an attorney and as a result the court appointed a curator. Said counsel was furnished with a copy of defendant's medical records and subsequently he applied for a writ of habeas corpus. He alleged defendant had been illegally detained for a period of 43 days because of the state's failure to comply with LSA-R.S. 28:52 and because the statute was unconstitutional.
The matter was set down for hearing and was heard on June 15, 1973, in Chambers pursuant to LSA-R.S. 28:53(C). At that time the Court issued an order committing Mabel Jackson to Central Louisiana State Hospital. In addition the Court held that the question of the Coroner's failure to comply with the procedures of LSA-R.S. 28:52 was rendered moot since the petition for judicial commitment pursuant to LSA-R.S. 28:53 had been filed prior to the habeas corpus application, and as the material issue before that Court was the propriety of committing the plaintiff under the medical *567 evidence adduced. Accordingly, the writ of habeas corpus was also denied.
The defendant appeals alleging essentially that the trial court erred in the following:
(1) failure to grant the writ of habeas corpus and declare LSA-R.S. 28:52 unconstitutional
(2) failure to sustain defendant's objection to the admissibility of the certified medical reports of the two examining state hospital physicians as well as the hospital records
(3) failure to declare LSA-R.S. 28:53 unconstitutional.
It is well settled that appeals from civil commitment orders and proceedings ancillary thereto are properly vested in the Courts of Appeal. In Re Ingram, 82 So.2d 788 (La.App. 1st Cir. 1955).
At the outset we note that the medical reports and the hospital records of the defendant while at Central Louisiana State Hospital were properly admitted in evidence under LSA-R.S. 13:3714 and 28:53.
We next consider whether the specification of error concerning LSA-R.S. 28:52 is now moot. The lower court so held and we think this to be the case.
This Court has defined a moot case as one "which seeks to get a judgment on some matter which, when rendered, cannot, for any reason, have any practical legal effect upon a then existing controversy". Evangeline Downs, Inc. v. Pari-Mutuel Clerks' Union, 191 So.2d 358 (La.App. 3rd Cir. 1966).
Also applicable is the principle that our courts will not rule upon questions of law which become moot, since their decree can serve no useful purpose and can give no practical relief. Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960).
In the present case it would serve no useful purpose for this court to determine whether the writ of habeas corpus should have been issued or whether LSA-R.S. 28:52 is unconstitutional, for any decree which we might render would be unenforceable and only dictum insofar as the defendant has now been judicially committed according to the provisions of LSA-R.S. 28:53. The only relief defendant seeks herein is release from Central Louisiana State Hospital and this cannot be granted inasmuch as she is now detained under a valid judicial commitment order according to the provisions of LSA-R.S. 28:53.
Thus the only remaining question left to consider is the constitutionality of LSA-R.S. 28:53. We feel this question was adequately ruled upon and decided in favor of constitutionality in the Supreme Court decision of In Re Bryant, 214 La. 573, 38 So.2d 245 (1948).
For the above and foregoing reasons the judgment of the trial court is affirmed. Defendant-appellant is to pay the costs of this appeal.
Affirmed.