306 So.2d 476 (1975)
Gloria ARDOIN, Plaintiff-Appellant,
v.
Dudley ARDOIN, Defendant-Appellee.
No. 4858.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
*477 W. Glenn Soileau, Ville Platte, for plaintiff-appellant.
Guy O. Mitchell, III, Ville Platte, for defendant-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
FRUGÉ, Judge.
Plaintiff appeals from a judgment maintaining an exception of lis pendens. On January 16, 1974, the plaintiff, Gloria Ardoin, filed a petition for divorce from her husband, Dudley Ardoin, on the grounds of adultery (case No. 28,270). The husband reconvened for a divorce based on his wife's adultery. Later, on August 13, 1974, while the divorce action was still pending, the wife instituted this action (case No. 28,952) for a separation on grounds of intentional non-support.
In response to this petition for separation the defendant filed an exception of lis pendens which the trial court sustained. But in sustaining the exception the trial court reserved to plaintiff the right to amend her petition in the divorce action and pray for the relief requested in the separation action. On October 4, 1974, the day after the exception of lis pendens was sustained, plaintiff did amend her petition in the divorce action to include the allegations and prayer made in the separation action.
It is the jurisprudence of this state that "[c]ourts will not rule on questions of law which become moot since their decree will serve no useful purpose and can give no practical relief." State ex rel. Preston v. Henderson, 283 So.2d 230, 231 (La. 1973); State v. Ward, 259 La. 317, 249 So.2d 921 (1971); Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960); Simon v. Calvert, 289 So.2d 567 (La.App. 3rd Cir. 1974); Evangeline Downs, Inc. v. Pari-Mutuel Clerks' Union, 191 So.2d 358 (La. App. 3rd Cir. 1966).
We are of the opinion that the question of whether the trial judge properly sustained defendant's exception of lis pendens is moot. All of the allegations made by plaintiff in the suit (No. 28,952) for separation are now before the court in the divorce action (No. 28,270). A judgment by us on the exception of lis pendens would serve no useful purpose and grant no practical relief.
The appeal is therefore dismissed at plaintiff-appellant's cost.
Appeal dismissed.