320 So.2d 612 (1975)
Captain Henry J. COOK, III
v.
Mrs. Jo Ann Milano COOK.
No. 6965.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Rehearing Denied November 11, 1975.
Writ Refused December 19, 1975.
*613 Andry & Andry, Edwin R. Pillault, Jr., New Orleans, for plaintiff-appellant.
Phillip R. Riegel, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, GULOTTA and BEER, JJ.
GULOTTA, Judge.
This is an appeal from a dismissal of plaintiff husband's rule to reduce support payments in the sum of $400.00 per month and to terminate or reduce permanent alimony [1] in the sum of $100.00 per month.
Defendant in rule, wife, filed a motion to dismiss the appeal on the grounds that this appeal is moot because, pending the appeal, a subsequent reduction in support payments was ordered in the trial court.
The facts are that a judgment denying plaintiff husband's motion to reduce the amount of support and alimony from $500.00 per month was rendered on January 13, 1975. This appeal was filed on February 3, 1975, and the bond was perfected on February 18, 1975. On June 24, 1975, while the appeal was pending, on plaintiff husband's motion,[2] the trial judge suspended alimony payments and reduced the support to $350.00 per month, effective July 1, 1975. The June 24, 1975 degree further awarded judgment in favor of Mrs. Cook in the sum of $900.00 for unpaid accrued payments through June, 1975. It was stipulated in argument that any amount which had been due and owing to the wife under any existing alimony decree has been paid.
We find merit in the motion to dismiss. A matter is considered moot in a case when the rendition of the judgment can have no practical legal effect upon the existing controversy. See State v. Commitment (Jackson), 289 So.2d 565 (La.App., 3d Cir. 1974). It is well established that courts will not rule on questions which become moot since the decree will render no useful purpose and can give no practical relief. Ardoin v. Ardoin, 306 So.2d 476 (La.App., 3d Cir. 1975).
Under the circumstances in the instant case, we are unable to grant any relief to plaintiff husband (appellant) which would afford a practical remedy. In the event that this court reduces the trial court's award, the wife is not obliged to return funds received and used by her for the support of herself and the children. See Heiman v. Heiman, 263 So.2d 69 (La.App., 4th Cir. 1972), writs refused, 262 La. 1089, 266 So.2d 220 (1972) and 262 La. 1091, 266 So.2d 221 (1972). In the event that the judgment is affirmed, since plaintiff husband is not in arrears at this time on any payments owed, he cannot, at a later date, be prejudiced by the rendition of an executory judgment. Furthermore, any judgment rendered by this court in connection with the pending appeal can have no effect against the subsequently rendered judgment on the rule suspending the alimony payments and reducing the amount of support for the minor children. Relief from that subsequent decree can only be afforded by a timely and proper motion for appeal.
Accordingly, we conclude that a rendition of a decree by this court can serve no useful purpose and can afford no practical relief to the appellant. The appeal is dismissed.
Appeal dismissed.
NOTES
[1] Alimony after separation from bed and board.
[2] Our record on appeal does not disclose whether or not the motion to reduce was filed in response to a rule for contempt.