328 So.2d 380 (1976)
Ruth Woodard MITCHELL, Plaintiff-Appellant,
v.
D. L. BERTOLLA, Defendant-Appellee.
No. 12853.
Court of Appeal of Louisiana, Second Circuit.
March 15, 1976.
Rehearing Denied April 19, 1976.
Writ Granted June 4, 1976.
Holloway, Baker, Culpepper & Brunson, by Bobby L. Culpepper, Jonesboro, Hal R.
*381 Henderson, Arcadia, for plaintiff-appellant.
John M. Stewart, Arcadia, for defendant-appellee.
Before PRICE, MARVIN and BOLIN, JJ.
En Banc. Rehearing Denied April 19, 1976.
PRICE, Judge.
Ruth Woodard Mitchell brought this suit against D. L. Bertolla seeking to have an option to purchase contained in a written lease agreement affecting certain lands in Bienville Parish declared null and void.
In response to plaintiff's action, defendant filed an exception of lis pendens, an answer, and reconventional demand.
The exception of lis pendens is grounded on the contention made by defendant that at the time of the filing of this action by plaintiff, there were pending on appeal two suits between the same parties involving the same object and causes of action asserted in this action. The trial court sustained the exception of lis pendens and rendered judgment rejecting plaintiff's demands. From this judgment, plaintiff has perfected this appeal.
Plaintiff's first assignment of error relates to the question of whether defendant waived his declinatory exception of lis pendens by filing it together with the answer and reconventional demand. We do not find it necessary to rule on this issue in view of our findings that peremptory exceptions filed in this court properly dispose of this matter. Under the provisions of C.C.P. Article 2163, an appellate court may consider a peremptory exception filed for the first time after the lodging of the appeal, provided it be filed prior to submission of the case for decision and if proof of the grounds for the exception is contained in the record. We find this an appropriate circumstance in which to exercise this discretion to consider these exceptions.
The appellate opinion in the prior suits between these parties which are the basis of the exceptions are now reported at 300 So.2d 209. In one action, Ruth Mitchell, plaintiff herein, sued Bertolla to cancel the lease agreement alleging his failure to timely pay the rental due in December 1971 and January 1972. In the other suit, Bertolla sued Ruth Mitchell seeking judgment ordering specific performance of the option to purchase the two involved tracts containing a combined area of 541 acres. In response to Bertolla's suit, Ruth Mitchell filed an answer and reconventional demand in which she admitted the execution of the written agreement of lease containing an option to purchase but alleged it is null and void because of the failure of Bertolla to pay the rental properly and additionally that the option is subject to being rescinded because of lesion beyond moiety. The suits were consolidated for trial and appeal and after trial on the merits, judgment was rendered rejecting Ruth Mitchell's request for cancellation of the agreement and ordering her to comply with her obligation to transfer title to the subject property free and clear of encumbrances within sixty days of the judgment. This court affirmed the judgment in its opinion rendered on September 4, 1974, and the Supreme Court denied writs November 22, 1974, 300 So.2d 209 (La.App.2nd Cir. 1974); writ denied, 303 So.2d 179 (La.1974).
The present suit by Ruth Mitchell was filed on May 6, 1974, during the pendency of the decision on appeal of the prior actions. The exception of lis pendens was tried and submitted on June 14, 1974. Judgment was not rendered until January 17, 1975. Other delays were caused by the granting of extensions of the return date to the clerk for preparation of the transcript resulting in the record not being lodged in this court until November 26, 1975.
Prior to the date this appeal was set for oral argument, defendant filed in this court a plea of judicial estoppel and exceptions of res judicata and no cause of action.
*382 As we find the exception of no cause of action is dispositive of the appeal, we do not deem it necessary to rule on the exception of res judicata or the plea of judicial estoppel.
The present suit does not seek to set aside or annul the judgments in the prior suit between the parties which decreed specific performance by Mrs. Mitchell. Its sole objective is to have the written contract granting the option to purchase invalidated and cancelled from the records.[1]
Mrs. Mitchell now contends that the allegations of the instant suit for annulling the option to purchase assert a different cause of action from the allegations of the prior suit and that her demands are not precluded because of the doctrine of res judicata. Assuming arguendo the correctness of her contentions as to res judicata, she is nonetheless seeking a remedy which is not available in the instant suit and which would not afford her effective relief.
Judgment in the prior suits ordered specific performance on her part to convey the property according to the terms of the option. This judgment became final when writs were denied by the Supreme Court. There is no attack on that judgment in the instant suit and Mrs. Mitchell does not allege grounds to enjoin its enforcement. The relief sought in the instant suit raises an issue which is moot under the posture of this case.
The general law on the effect of an issue that has become moot is set forth in 1 C.J.S. Actions § 17c, which in pertinent part states:
". . . a moot case is a case which seeks to get a . . . judgment on some matter which, when rendered, cannot, for any reason, have any practical effect upon a then existing controversy . . .."
In the case of Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960), the Supreme Court declared:
"In the present case it would serve no useful purpose for this Court to determine whether the plaintiff should have been issued a liquor permit for the year 1959 for any decree which this Court would render, if we were to find merit in plaintiff's contentions, would be unenforceable. This Court will not render judgments which cannot be made effective nor will we give opinions on moot questions or abstract propositions from which no practical results can follow. * * *."
In a somewhat analogous legal circumstance to the instant case, the Supreme Court in Daigle v. Pan American Production Company, 236 La. 578, 108 So.2d 516 (1959), sustained an exception of no cause of action on a finding of mootness. We quote the pertinent discussion of the court's opinion as follows:
"Plaintiff has urged in brief and in oral argument that the primary purpose of *383 the suit is to obtain the cancellation and erasure of the alleged wrongfully executed mineral lease, and which is said to constitute a cloud on her title. Manifestly, upon the expiration and voluntary cancellation of this mineral lease as aforesaid, followed by its official erasure from the public records, this feature of plaintiff's demand was completely and effectually achieved and consummated, thus making plaintiff's cause or right of action moot in that respect."
See also Hines v. Village of Goldonna, 136 So.2d 140 (La.App. 3rd Cir. 1961); Danna v. Commissioner of Insurance, 207 So.2d 377 (La.App. 1st Cir. 1968); State ex rel Conforto v. City of New Orleans, 124 So.2d 155 (La.App. 4th Cir. 1960); Smith v. Elliott, 30 So.2d 146 (La.App. 2nd Cir. 1947).
For the foregoing reasons, we find the defendant's exception of no cause of action grounded on the issues presented having become moot to be well taken and the judgment appealed from dismissing her demands is accordingly affirmed at appellant's costs.
NOTES
[1] Plaintiff does contend, however, that the judgment has become inoperable for the failure of Bertolla to take proper steps to effect a transfer of title from Mitchell within the sixty-day period provided in this construction. The record reveals that at the time the judgment obtained by Bertolla decreeing specific performance became a final judgment by denial of writs by the Supreme Court, the present action had been filed by Mrs. Mitchell which signifies her refusal to comply with the prior judgment ordering her to convey title to the property subject to the option. The sixty-day period provided in the judgment is merely the delay fixed by the court for voluntary compliance with the order of specific performance and after the expiration of this period, the adverse party does not lose his right to require the performance decreed by the judgment. It should be noted the particular judgment under discussion does not contain the customary provision that upon the designated time the judgment shall operate as the muniment of title. This omission does not affect the continuation of the obligation of Mrs. Mitchell to comply with the court's decree of specific performance nor its ultimate enforceability by the lower court.