371 So.2d 1243 (1979)
J. W. JONES, Plaintiff-Appellant,
v.
NATCHITOCHES PARISH POLICE JURY, Defendant-Appellee.
No. 6955.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
Makar & Whitaker, John B. Whitaker, Natchitoches, for plaintiff-appellant.
Harrington & Harrington, Eric R. Harrington, Natchitoches, for defendant-appellee.
Before WATSON, STOKER and DOUCET, JJ.
STOKER, Judge.
Plaintiff, J. W. Jones, filed this suit for preliminary and permanent injunctions on August 28, 1978, to enjoin the defendant, the Natchitoches Parish Police Jury, from holding a local stock law election in Ward 4 of Natchitoches Parish, State of Louisiana, scheduled for September 16, 1978. The Natchitoches Parish Police Jury had called this election upon the petition of twenty-five (25%) percent of the qualified voters of Ward 4 pursuant to the provisions of LSA-R.S. 3:3001, et seq., establishing the regulation of livestock on public highways within a ward of a parish.[1]
The plaintiff is a resident of Ward 4 of Natchitoches Parish in an area classified *1244 as "open range" territory.[2] The election called by the defendant was to determine the future status of all "open range" property located within the ward. The plaintiff contends that LSA-R.S. 3:3001, et seq. is unconstitutional in that it denies plaintiff the equal protection of the law and deprives him of his property (i.e., his "grazing rights") without affording him due process of the law. Specifically, the appellant asserts that the election procedure set forth in LSA-R.S. 3:3001, et seq. is unconstitutional in its provision for "ward-wide" elections. In this instance, petitioner alleges that such a procedure allows qualified voters of Ward 4 currently residing in "closed range" areas to participate in the election despite the fact that they assert no direct interest in the outcome of the proposed election. Thus, plaintiff contends that his right to vote is effectively "diluted" by the participation of "closed range" voters in the September 16, 1978, election.
In his petition, plaintiff asserts that he ". . . desires and is entitled to a preliminary injunction prohibiting this stock law election . . ." (R. 3) The only relief requested by the petitioner is that the court issue an injunction to prevent the occurrence of the election. After a hearing on September 10, 1978, judgment was rendered denying plaintiff's application for injunctive relief. Petitioner now appeals devolutively from this judgment.
Inasmuch as the election of September 16, 1978, has already been held and the results thereof promulgated,[3] the matter has become moot, and any judgment rendered by this court would have no legal effect whatsoever. Boothe v. Board of Supervisors of Elections, Etc., 341 So.2d 1297 (La.App. 3rd Cir. 1977); Ardoin v. Ardoin, 306 So.2d 476 (La.App. 3rd Cir. 1975); Hines v. Village of Goldonna, 136 So.2d 140 (La.App. 3rd Cir. 1961); Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960).
A moot case is one which seeks to obtain a judgment on some matter which, when rendered, cannot, for any reason, have any practical legal effect upon a then existing controversy. State v. White, 358 So.2d 999 (La.App. 3rd Cir. 1978). Courts will not rule on questions of law which have become moot since their decree will serve no useful purpose and can give no practical relief. Bradley & Braud, Inc. v. Canady, 342 So.2d 1184 (La.App. 1st Cir. 1977). This rule applies even in those cases which raise a constitutional question on the merits. See: Horne v. La. State Bd. of Elem. and Sec. Ed., 357 So.2d 1216 (La.App. 1st Cir. 1978), writs den., 359 So.2d 621 (La.1978).
In the instant action, petitioner requests this court to declare LSA-R.S. 3:3001, et seq. unconstitutional. However, the only relief prayed for by the plaintiff is for the court to enjoin the defendant from holding this stock law election. As the election has already been held, this court is without power to grant any useful decree which would afford plaintiff the relief he requested.
Accordingly, plaintiff's suit is dismissed and all costs of this appeal are assessed against the plaintiff.
APPEAL DISMISSED.
NOTES
[1] This court has recently upheld the validity of the petition for election which initiated this particular election despite certain irregularities found to exist in the voter's petition. See: Rachal v. Natchitoches Parish Police Jury, 370 So.2d 183 (La.App. 3rd Cir. 1979) and 370 So.2d 185 (La.App. 3rd Cir. 1979).
[2] In an "open range" area, there is no stock law or ordinance prohibiting an owner from allowing his animals to roam at large, however, in a "closed range" area, particular types of livestock are prohibited from roaming at large on the public highways. Bryant v. McCann, 297 So.2d 262 (La.App. 3rd Cir. 1974); Fall v. Manual, 228 So.2d 494 (La.App. 3rd Cir. 1969).
[3] Apparently by a narrow margin, the voters of Ward 4 of Natchitoches Parish decided to classify all property within the ward as "closed range".