383 So.2d 433 (1980)
SCHWEGMANN BROTHERS GIANT SUPER MARKETS et al.
v.
James J. DONELON et al.
No. 11017.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1980.
Writ Refused June 6, 1980.
James S. Arceneaux, Parish Atty., Parish of Jefferson, Gretna, for defendants-appellants.
Stone, Pigman, Walther, Wittmann & Hutchinson, Michael R. Fontham, Stephen G. Bullock, New Orleans, for plaintiffs-appellees.
Before SAMUEL, BOUTALL and GARRISON, JJ.
*434 GARRISON, Judge.
This is an appeal from a district court judgment granting a writ of mandamus ordering the Safety Director and Director of the Department of Inspection and Code Enforcement of Jefferson Parish and the Director of the Department of Planning of Jefferson Parish to issue a building permit to Schwegmann Giant Supermarket and Schwegmann Westside Expressway, Inc. (hereinafter Schwegmann) for the construction of a supermarket at the site Lots 1-A, 1-B, and 1-E of Tract F, Bissonet Plaza Subdivision (hereafter Bissonet), Jefferson Parish, pursuant to the plans and specifications certified as approved as of January 3, 1979.
Schwegmann brought this action against all members of the Jefferson Parish Council, the Safety Director and Director of the Department of Inspection and Code Enforcement of Jefferson Parish, the Chief Building Inspector of Jefferson Parish, and the Acting Director of the Department of Planning of Jefferson Parish. All defendants appeal the judgment which we now affirm.
Schwegmann had purchased the Bissonet tract for the purpose of erecting a supermarket. At the time of purchase, 5.5 acres were zoned C-2 and two acres were zoned R-1 under the Comprehensive Zoning Ordinance. C-2 was the broadest classification for commercial activity under the Zoning Ordinance. The remaining two acres zoned R-1 were available for use as parking in conjunction with the C-2 area.
In 1967, Schwegmann announced that a supermarket would be built on the Bissonet tract. When public opposition arose to the plan, the tract was rezoned to a C-1 level as a compromise. The C-1 zoning classification, while more restrictive that a C-2 level, would not prevent the construction of the proposed supermarket.
On September 20, 1978, the Parish Council passed Resolution No. 34310 requesting that the Planning Department make a zoning study of the Schwegmann property. Pursuant to the institution of the study, the Planning Department informed the Safety Department that no building permit would be issued to Schwegmann.
On October 24, 1978, a public hearing was held at which time the Planning Department recommended that there be no change in the zoning of the property inasmuch as the change would constitute spot zoning. A report was submitted to the Council, but no action was ever taken on the proposal. Nevertheless, the "hold" on Schwegmann's property remained in effect until January 17, 1979. When the Schwegmann application for a building permit was approved on January 3, 1979, it was the "hold" that prevented issuance of the permit. The hold was imposed despite the fact that the proposal for spot zoning was dead. Although the "hold" was due to expire on January 17, 1979, the Planning Director extended the date until January 31, 1979, after the date on which the two ordinances were to take effect.
On October 25, 1978, the Council passed Resolution No. 34686 to study "whether or not a size limitation should be imposed on retail outlets when they are located in C-1 Neighborhood Commercial Districts." The request for the study was discussed at two public hearings on November 28 and December 19, 1978. Although the resolution called for a study, no written study was performed. At the first public hearing, the Planning Director recommended a size limitation of 15,000 square feet. After the public hearing, the recommendation was reduced to 12,000 square feet.
After the close of the second public hearing, a size limitation of 25,000 square feet was recommended, but the Planning Advisory Board did not approve this limitation.
No notice of the proposed change was published despite the fact that publication is required by the Comprehensive Zoning Code, § XXVIII(2).
On November 15, 1978, the Parish Council passed Resolution No. 34859 requesting a study of "whether or not a size limitation should be imposed on residential zoned property when such property is used for off-street parking in connection with the *435 adjoining commercial . . . use." The Schwegmann proposal depended upon the use of an adjacent R-1 strip for accessory parking.
A hearing on the study was held on December 19, 1978. At this time, a tentative recommendation for a nine-point set of limitations was made. When counsel for Schwegmann asserted that this plan was outside the scope of the resolution, the Planning Director assumed chairmanship of the meeting, withdrew the plan, and proposed that all parking on adjacent residential property be prohibited.
While notice of the proposed studies were published, no notice of the proposed amendments were published.
On January 10, 1979 the following two ordinances were enacted by the Jefferson Parish Council:
"Ordinance No. 13722
* * * * * *
THE JEFFERSON PARISH COUNCIL HEREBY ORDAINS:
SECTION 1. That Sub-Section 9 entitled `Exceptions to Parking Regulations' of Section XXExceptions and Modification of the text of the Comprehensive Zoning Ordinance No. 3813 as amended by the Parish of Jefferson be and the same is hereby repealed.
SECTION 2. BE IT ORDAINED, that Planning Director for the Parish of Jefferson, be and is hereby directed, authorized and empowered to make the necessary and appropriate changes and amendments to the Zoning Ordinance of the Parish of Jefferson.
SECTION 3. BE IT ORDAINED, that the Chairman of the Council of Jefferson Parish be and is hereby empowered, authorized and directed to sign and execute all documents and all acts necessary and proper in the premise to give full force and effect to this ordinance.
The foregoing ordinance having been submitted to a vote, and the vote thereon was as follows: YEAS: 6 NAYS: None ABSENT: None ABSTAINING: 1 (Giardina)
This ordinance was declared to be adopted on this the 10th day of January, 1979, to become effective ten (10) days after adoption."
"Ordinance No. 13723
* * * * * *
THE JEFFERSON PARISH COUNCIL HEREBY ORDAINS:
SECTION 1. That Section XIII, Sub-Section 2, Permitted Uses, Paragraph L1, of the text of the Comprehensive Zoning Ordinance of Jefferson Parish No. 3813 be amended to read as follows:
L1. General Retail stores and establishments not exceeding twenty-five thousand (25,000) square feet in gross floor area.
SECTION II. That Section XIII, Sub-Section, Permitted Uses, Paragraph T, of the text of the Comprehensive Zoning Ordinance of Jefferson Parish No. 3813, be amended to read as follows:
T. Stores, retail not exceeding twenty-five thousand (25,000) Square feet, in gross floor area, including restaurants and cafeterias, however, retail seafood market establishments which are located within 100 feet of a residential district will only be permitted when approved by an ordinance of no objection by the Jefferson Parish Council, when the Council is satisfied that granting approval will not seriously affect any adjoining property or the general welfare, and providing that all residential property owners within one hundred (100) feet fronting on both sides of the street of such location be notified by certified mail and the entire area be posted.
SECTION III. BE IT FURTHER ORDAINED, that the Planning Director for the Parish of Jefferson, be and he is hereby directed, authorized and empowered to make the necessary and appropriate changes and amendments to the Zoning Ordinance, of the Parish of Jefferson. SECTION IV. BE IT FURTHER ORDAINED, that the Chairman of the Council of Jefferson Parish be and is hereby empowered, authorized and directed *436 to sign and execute all documents and all acts necessary and proper in the premise to give full force and effect to this ordinance.
SECTION V. This ordinance shall become effective on January 22, 1979.

This ordinance having been submitted to a vote, the vote thereon was as follows:
YEAS: 7 NAYS: None ABSENT: None And this ordinance was declared adopted on this the 10th day of January 1979."
No notice of the proposed change was published prior to the meeting at which the two ordinances were adopted.
Here again, it should be noted that the Schwegmann application was approved on January 3, 1979 and that the "hold" expired on January 17, 1979, prior to the effective dates of both amendments.
The first issue confronted by this court on appeal is the question of the validity of the hold order issued against Schwegmann's application for a building permit. The district court provided nine pages of written reasons of judgment. The following was included therein:
"The Court concludes that the Comprehensive Zoning Ordinance did not grant the Council the right to impose a hold upon the issuance of building permits during the pendancy of a study, that, even if such a hold had been authorized, it had expired while the plaintiff's, Schwegmann's, application for a building permit was still pending but before the 25,000 square foot size limitation became effective, and that furthermore, the Ordinances No. 13722 and No. 13723 were enacted without complaince with the mandatory procedural formalities of the Comprehensive Zoning Ordinance and are therefore, unenforceable."
In reaching its conclusion on the validity of the issuance of a hold on the building permit, the court relied upon the procedures prescribed by the Comprehensive Zoning Ordinance. Section XXVIII(4) of the Comprehensive Zoning Ordinance authorizes the issuance of a hold on a building permit only when a petition is filed:
"PERMITS PENDING AMENDMENT Upon filing with the Planning Director of a petition for the change or amendment to the Comprehensive Zoning Ordinance, and pending final disposition of said amendment, whether by Ordinance, hearing or otherwise, the Safety Director shall not issue a certificate of use and occupancy within the limits of the district sought to be changed or amended for a building, structure, or occupancy that may be unlawful under said proposed change or amendment." (Emphasis added.)
In the instant case, no petition was ever filed, thus the trial court correctly concluded that there was no authority for the issuance of a hold. Nothing in the Comprehensive Zoning Ordinance allows for the issuance of a "hold" pursuant to a mere study.
The second issue is the validity of the two ordinances. Section XXVIII(2) of the Comprehensive Zoning Code provides for the required public notice:
"PROCEDURENo amendment, supplement, or change to the Zoning Ordinance or district map shall become effective unless or until:

A. There shall have been a public hearing on such change amendment or supplement before the Planning Director and Planning Advisory Board, at which parties in interest and citizens shall have an opportunity to be heard.
B. Notice of the proposed change and the time and place of the hearing shall have been published once a week for three (3) weeks consecutively in the Official Journal of Jefferson Parish. At least ten (10) days shall elapse between the last date of publication and the date of the hearing." (Emphasis added.)
In the instant case, no public notice was ever provided; by the language of the statute, the ordinance shall not be effective "unless or until" such notice is provided. Thus the trial judge was clearly correct in *437 his conclusion that the two ordinances are unenforceable. State ex rel. Holcombe v. City of Lake Charles, 175 La. 803, 144 So. 502 (1932); Beauvais v. D.C. Hall Transport, 49 So.2d 44 (La.App. 4th, 1950); Breaux v. Town of Oberlin, 247 So.2d 195 (La.App. 3rd, 1971).
Accordingly, the judgment of the district court is affirmed.
AFFIRMED.