317 So.2d 219 (1975)
Helen HICKMAN, Plaintiff-Appellee,
v.
Mildred FLETCHER, Petition for Judicial Commitment, Defendant-Appellant.
No. 5066.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
Rehearing Denied August 28, 1975.
Writ Denied October 31, 1975.
Robert L. Kennedy, Colfax, for defendant-appellant.
Charles B. Bice, Dist. Atty., Winnfield, for plaintiff-appellee.
Before HOOD, CULPEPPER and WATSON, JJ.
HOOD, Judge.
Helen Hickman filed a petition seeking the judicial commitment of Mrs. Mildred Fletcher under LSA-R.S. 28:53. Defendant answered and filed a separate petition for a writ of habeas corpus and an exception of no cause and no right of action. In her answer and petition for a writ of habeas corpus, Mrs. Fletcher alleged that she was being illegally confined for treatment in the Central Louisiana State Hospital, *220 in Pineville. After trial, judgment was rendered by the trial court overruling the exception of no cause and no right of action, rejecting Mrs. Fletcher's demands in the habeas corpus proceeding and ordering that she be committed to the above hospital. Defendant, Mrs. Fletcher, appealed.
The issues presented are whether LSA-R.S. 28:52 and 53 are unconstitutional, and alternatively, whether those statutory provisions have been complied with in confining Mrs. Fletcher in the Central Louisiana State Hospital.
Mrs. Fletcher was admitted to the above hospital on November 19, 1974, pursuant to a custody order signed by the Coroner, or the Acting Coroner, of Grant Parish, and she has been confined in that hospital continuously since that time. The provisions of LSA-R.S. 28:52, setting out procedures for a coroner's confinement for treatment order, were not complied with following her admission to the hospital, in that the examining physician did not submit a written medical report to the Coroner within 48 hours after examining defendant, and the Coroner has never signed a confinement for treatment order.
On January 23, 1975, while Mrs. Fletcher was confined in that hospital, plaintiff in this proceeding, Helen Hickman, filed a petition for the judicial commitment of defendant, under LSA-R.S. 28:53. The petition was accompanied by the certificate of two physicians certifying that the patient was suffering from a mental illness which caused her to be dangerous to herself or others and/or incapable of caring for herself or her personal safety. An attorney was appointed to represent the defendant, and it was through that attorney that she filed the petition for a writ of habeas corpus on January 27, an answer to the petition for commitment on January 28, and an exception of no cause and no right of action on February 3, 1975.
The case was tried on February 3, and on that date the trial court rendered the judgment which is before us on this appeal.
The defendant-appellant contended in the trial court, and she argues here, that LSA-R.S. 28:52 and 53 are unconstitutional, in that they deny to persons whose commitment is sought due process of law and equal protection of the laws, in violation of the Fourteenth Amendment of the Federal Constitution. Alternatively, she contends that the state has not complied with the procedures provided in LSA-R.S. 28:52 and 53, and that she thus is being confined illegally in the Central Louisiana State Hospital.
In support of her alternate contention, defendant argues that Sections 52 and 53, of Title 28 of the Revised Statutes, "should be read and the procedures followed together" in order for there to be a valid judicial commitment under Section 53. Both parties agree that the procedures provided in Section 52 for a coroner's confinement for treatment were not observed in this case. We hold, however, that all of the procedures set out in Section 53 for a judicial commitment were followed. Defendant does not allege or contend otherwise.
The trial judge obviously concluded that LSA-R.S. 28:52 and 53 are constitutional, and that a judicial commitment may be made under Section 53, even though there has been no compliance with the procedures provided in Section 52.
The issues presented in the instant suit are identical to those which we considered and determined in State v. Commitment of Jackson, 289 So.2d 565 (La.App. 3 Cir. 1974); State v. Commitment of Fletcher, 289 So.2d 572 (La.App. 3 Cir. 1974); and In re Williams, 297 So.2d 458 (La.App. 3 Cir. 1974). Each of the above cases originated in Grant Parish, as did the instant suit. Each was decided by the trial judge who rendered the judgment which is before us on appeal now, and the attorneys involved in the instant suit were also involved *221 in each of the above cases. The same arguments are made in the present suit as were made in each of the three above cited prior cases, and in each of those suits we decided the issues which are presented here. The briefs filed in the instant suit, in fact, are almost verbatim copies of the briefs which were filed in each of the cited cases, except that counsel for the appellant in the present suit has added quotations from two Federal court cases which were not cited in the arguments presented in the earlier cases. For some reason, however, counsel for the parties in the instant suit did not cite or mention in their briefs any of the three above cited cases, all of which involved issues identical to those presented here and all of which were decided recently by this court.
In Jackson, Fletcher and Williams, supra, we held that the procedure provided in LSA-R.S. 28:52 is separate and distinct from that provided in LSA-R.S. 28:53, and that a judicial commitment under Section 53 may be accomplished validly, even though there previously had been no compliance with the procedure set out in Section 52. We also determined in the Jackson and Williams cases, supra, that the procedures provided in LSA-R.S. 28:53, relating to a judicial commitment, do not violate any of the constitutional safeguards provided in the Fourteenth Amendment, and that that section of the Revised Statutes thus is not vulnerable to attack on constitutional grounds. We did not consider in any of those cases the constitutionality of Section 52, relating to a coroner's commitment for treatment, since we considered it to be immaterial whether the provisions of that section of the Revised Statutes had been followed.
Defendant refers us to the recent cases of Lynch v. Baxley, 386 F.Supp. 378 (D.C.Ala.1974); and Kendall v. True, 391 F.Supp. 413 (W.D.Ky. 1975), in each of which cases a three judge federal district court held that all or a part of the state statute involved there, relating to commitment proceedings, was invalid because it did not provide adequate constitutional safeguards. Our review of those cases shows that the provisions of the statute involved in each case differed considerably from those contained in LSA-R.S. 28:53, and that those two cases thus are not applicable here, except insofar as they set out the minimum standards or safeguards which are required by the Fourteenth Amendment. We believe that the procedures provided in LSA-R.S. 28:53 for a judicial commitment includes all of the required constitutional safeguards, as set out in those cases.
For the reasons which we assigned in Jackson, Fletcher and Williams, supra, we conclude that LSA-R.S. 28:53 is valid, and that there is not merit to defendant's claim that the procedures set out therein deny her due process of law or equal protection of the laws, in violation of the Fourteenth Amendment. We also conclude that a judicial commitment under LSA-R.S. 28:53 may be accomplished validly even though there has been no compliance with the procedures set out in LSA-R.S. 28:52. We find that defendant was legally committed under the provisions of Section 53.
Since Mrs. Fletcher was legally confined in the Central Louisiana State Hospital under LSA-R.S. 28:53 at the time the hearing on the habeas corpus proceeding was held, the issue as to whether she previously had been unlawfully detained under LSA-R.S. 28:52 is moot. No useful purpose would be served and no practical relief can be given to defendant by holding that the coroner's commitment was invalid, because even if it was she is not entitled to judgment releasing her from the hospital. See Danna v. Commissioner of Insurance, 207 So.2d 377 (La.App. 1 Cir. 1968); State v. Ward, 259 La. 317, 249 So.2d 921 (1971); Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960).
*222 We find no error in the judgment of the trial court which overruled defendant's exception of no cause and no right of action, rejected her demand for a writ of habeas corpus and ordered that she be committed to the hospital.
For the reasons herein assigned the judgment appealed from is affirmed. The costs of this appeal are assessed to the defendant-appellant.
Affirmed.