BOUTALL, Judge.
An application by the father of Susan Schindler was made for her examination and/or confinement for treatment in accordance with L.R.S. 28:52. After examination and study of the patient at East Jefferson General Hospital for several days, the patient was on May 27, 1976 ordered to be confined at Southeast Louisiana State Hospital at Mandeville for short term hospitalization not to exceed 60 days (to be computed from original confinement May 24, 1976) for further evaluation and treatment.
Through her attorney Susan Schindler then filed petition on May 28, 1976 for a judicial or court hearing under provisions of L.R.S. 28:56. The court granted a hearing on June 4,1976, found that Susan Schindler “is incapable of caring for herself and that she is suffering from a mental illness” and ordered her committed to the Southeast Louisiana State Hospital for treatment and observation, requiring the hospital to report and advise the Court at appropriate times of her condition. The judgment was appealed to this court and when the record was lodged, expedited hearing was requested. We granted immediate hearing.
The main issues argued to this Court were the denial of due process rights rela *979 tive to the statutory authority of a coroner to confine without a hearing and the unconstitutionality of any commitment based on the statutory standard that the patient be suffering from a mental illness which causes him to be “incapable of caring for himself or his personal safety”. See for example O’Connor v. Donaldson, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975). Appellees have urged to us the constitutional regularity of the proceedings and argue the matter is moot under the rationale of Hickman v. Fletcher, 317 So.2d 219 (La.App. 3rd Cir. 1975).
We point out that in the Hickman case there were before the Court both a habeas corpus filed by the patient and a petition for judicial commitment filed by Hickman. The Court’s ruling granted a judicial commitment and the patient was no longer confined on the coroner’s confinement. In the case at bar we find no judicial commitment petition as specified in L.R.S. 28:53. The matter came before the court only on the request for a court hearing by the patient as permitted by L.R.S. 28:56. While that hearing is conducted proeedurally as set out in L.R.S. 28:53 it is certainly not a judicial commitment petition. A patient who seeks no relief except release from the 60 day maximum coroner confinement surely cannot be committed beyond that term in the absence of some positive action being taken by the filing against him of a petition for judicial commitment by a person authorized under L.R.S. 28:53. The scope of a court hearing only on the validity of a confinement by the coroner is restricted to that issue alone.
It appearing that no judicial commitment was ever petitioned for, the Judgment of Commitment was improvidently granted except insofar as it intended to uphold the coroner’s confinement. Since the 60 day maximum detention allowed by law under a coroner’s confinement, as well as that specified in the coroner’s order, has already passed, appellant is entitled to immediate release from confinement.
For the above reasons, it is ordered that: the judgment appealed from is annulled insofar as it ordered a judicial commitment beyond the scope of the coroner’s confinement; the appeal is dismissed as moot insofar as the judgment intended to uphold the coroner’s confinement; and, the coroner’s confinement having expired, the appellees and the treating facility, Southeast Louisiana State Hospital, at Mandeville, Louisiana, forthwith release Susan Schindler from confinement; judgment to be effective immediately, Coleman v. Marzullo, 4 Cir., 296 So.2d 437, writ refused, La.App., 297 So.2d 206.
JUDGMENT ANNULLED IN PART, AND RELEASE ORDERED.