424 So.2d 1070 (1982)
Diana M. PARKER
v.
Leonard O. PARKER, Jr.
No. 13322.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1982.
Rehearing Denied January 24, 1983.
Writ Denied February 4, 1983.
*1071 Zelden & Zelden, Rainer Lorenz, New Orleans, for plaintiff-appellee.
Leonard O. Parker, Jr., in pro. per.
Before REDMANN, C.J., and BARRY and BYRNES, JJ.
BYRNES, Judge.
This is an appeal from a trial court ruling transferring custody of two minor children from the father to the mother. For the reasons assigned below, we reverse that decision.
The parties were married in April of 1972. This marriage ended in divorce in April of 1975. The couple re-married in December of 1978, but divorced again in December of 1980. This final divorce was obtained in Missouri, where the parties then resided. Neither of the parties now reside in Missouri. Permanent custody of the two minor children was granted to the father as part of the Missouri divorce proceedings. One and one-half years later, the Orleans Parish custody proceeding which is the subject of this appeal was instituted by the mother. The mother presently lives in Whitefish Bay, Wisconsin, a suburb of Milwaukee and is a practicing physician. The father and the two minor children have been domiciled in Orleans Parish since June of 1981. The trial judge, after conducting a hearing on the merits, ordered the custody of the children to be changed to the mother. It is from this judgment that the father appeals.
Appellant assigns what amounts to two specifications of error. The first specification of error urges that the Orleans Parish Court was without jurisdiction to change the custody of the children. The second specification of error urges that, even if the Orleans Parish Court did have jurisdiction, it erred in awarding the children to the mother absent a showing of some change in circumstances such as would make a change of custody in the best interest of the children.
Appellee argues that the custody award was made pendente lite, and therefore an appeal of this award does not properly lie before this court. This contention is without merit. Although the judgment ostensibly awarded custody "pendente lite" to the mother, a careful reading of the entire judgment makes it clear that the inclusion of the term pendente lite was inadvertent. The judgment entered by the lower court gave the appellee the right to remove the children permanently to Wisconsin, subject only to the visitation rights granted to the appellant. This is not custody pendente lite, but an award of permanent custody. There was no other action pending between the parties when the judgment appealed from was entered. Thus, it is not possible for the judgment to be one pendente lite.
Accordingly, we find the trial court's ruling is a proper subject for appeal to this court.

JURISDICTION:
La.R.S. 13:1700 et seq., is this State's enactment of the Uniform Child Custody Act. Under the Act, the courts of this state have jurisdiction in child custody matters if Louisiana is "... the home state of the child at the time of the commencement of the proceedings...". La.R.S. 13:1701(5) defines home state as, "the state in which the child, immediately proceeding the time involved, lived with his parents or parent or a person acting as parent for at least six consecutive months, ...". Since the record indicated that the father and his two minor children have lived in Orleans Parish for at least seven months prior to the institution of this suit, it is clear that Louisiana is recognized as the home state of the two children and thus jurisdiction vested in the Orleans Parish Court.

CUSTODY:
The sole criterion in any change of custody case is the best interest of the child. Bordelon v. Bordelon, 390 So.2d 1325 (La. *1072 1980), Ohman v. Ohman, 405 So.2d 883 (La. App. 4th Cir.1981), C.C. 157. In determining what the best interest of the child is, courts must examine all relevant factors. These factors include, but are not limited to, stability of environment, the standard of living each parent can provide, and the prior history of the child's custody. A mere change in the circumstances of the non-custodial parent is not sufficient to justify a change in custody. It must appear from the totality of circumstances that whatever change has occurred makes a modification of custody in the best interest of the child. An award of custody is not a tool to regulate or reward human behavior. The only subject of a custody award is the best interest of the child. See Bordelon, supra, Ohman, supra and Cleeton v. Cleeton, 383 So.2d 1231 (La.1979).
The standard of review in child custody cases requires that great weight be given to the determination of the trial court. Such determinations are overturned only when there is clear abuse of discretion. Bordelon, supra, Ohman, supra, Cleeton, supra and Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971). Having reviewed the record in this case, we find that the trial judge abused his discretion by changing the custody of these children from the appellant to the appellee. The children had lived with their father from December, 1980, when the Missouri court originally granted him custody, until the lower court of this state ordered that custody changed in February of 1982. The evidence indicated that during this time the father had provided a stable home environment for his two children and that the children were happy and well-adjusted. The only evidence presented which indicated any change in circumstances related to the mother's completion of her residency and her pending entry into private practice in Wisconsin. While such a change may be indicative of the mother's ability to provide a potentially higher standard of living for her children this fact does not, in and of itself, prove that a change of custody would be in the best interest of the children.
The trial judge in Reasons for Judgment stated that "both of them (the parents) seem to take care of the children." He further concluded that "they (the children) seem to be pretty well-adjusted children from what the testimony has been." In light of these findings, we feel that it was an abuse of discretion for the trial judge to order custody changed to the mother. If the children were happy and well-adjusted, and both parents were found to provide a suitable environment for them, there seems to be no reason for the trial judge's conclusion that the best interest of the children would be served by changing custody.
Stability of environment is one of the primary concerns in child custody matters. La.R.S. 13:1700(A)(4). We cannot see how, based upon the record before him, the trial judge could disturb what he admitted was a stable environment, based solely on the improved financial situation of their mother. The record simply does not provide an adequate factual basis for a conclusion that a custody change would be in the best interest of these children.
Accordingly, the judgment of the lower court is hereby set aside and the custody of the two minor children Dana and Lana is ordered returned to their father Leonard O. Parker, Jr. effective immediately. All costs of this appeal are to be borne by the appellee.
REDMANN, C.J., concurs.
REDMANN, Chief Judge, concurring.
I concur in the final result of dismissing this action, but I would prefer to reverse the award of custody pendente lite as not available in an action to change custody, and I would dismiss the petition for the change in custody for failure to state a cause of action.
REDMANN, Chief Judge, concurring in refusal of rehearings.
The Louisiana supreme court, having first granted a stay order in this matter, has now granted writs, with the stay order "modified to permit the Court of Appeal to *1073 act on the application for rehearing" that has been pending. Those actions suggest a response, more than simple denial, to the application for rehearing.
As this writer's prior concurrence in result indicated, the trial court expressly (and correctly) described its judgment as one on rule for custody pendente lite, and expressly (but incorrectly) awarded "custody pendente lite." The basic procedural incorrectness of that judgment is that, when (as here) permanent custody has already been awarded to one parent by a valid judgment, there is no authority for giving "pendente lite" custody to the other parent, as if custody had never been decided. The other parent must obtain a change in permanent custody, by final judgment in an ordinary action (except in dire circumstances, such as might justify police or welfare department intervention).
Accepting the plenary power of the courts to protect children, or even merely to do what is best for them, a reviewing court in this case must decide whether the non-custodial parent's showing justifies summarily removing (even if only temporarily, "pendente lite") custody from the parent to whom permanent custody was awarded by consent judgment. The only showing by the non-custodial parent was that she had an opportunity for employment at $60,000 a year beginning three months after the hearing on the rule for custody pendente lite. The basic substantive error is the holding that an increase in the non-custodial parent's earnings entitles that now-wealthier parent to a change in custody. That basic substantive error is aggravated in this case, because the evidence is not that the non-custodial parent is wealthier at the time of the hearing, but that she will be wealthier three months thereafter.
Even as an award of custody "pendente lite," the judgment appealed from should be reversed as procedurally and substantively unfounded.
The majority treated the judgment appealed from as if it were a change of permanent custody because a full hearing was had and because, for example, although the judgment was dated March 1, 1982, it fixed visitation rights through December 1983, a year and ten months after its date. Nevertheless, to treat the judgment as a final judgment is doubtful because the father had not answered the petition for change in custody, nor was judgment by default taken against him, and therefore no valid final judgment could have been rendered. Any final judgment under those circumstances is annullable at any time, C.C.P. 2002, and, if the judgment in question is deemed a final judgment because of its content, it would be preferable to annul the judgment rather than review its merits.
Nevertheless the majority's view on the merits is correct. Unless the non-custodial parent shows something akin to unfitness or inability on the part of the custodial parent, the mere fact that the non-custodial parent will (three months after the hearing!) be earning more money than the custodial parent is not grounds for changing permanent custody.
This writer therefore would have solved the ultimate procedural problem (no answer filed, yet a full hearing had) by dismissing the petition on the basis that it did not state a cause of action (not even as amended by all the evidence at the full hearing had).
Finally, restoration of the father's permanent custody "effective immediately" was, in our judgment, the appropriate remedy, C.C.P. 2164, on this record.[1]
*1074 BARRY, Judge, joins in denial.
I agree that rehearing should be denied for the reasons assigned by Judge REDMANN.
NOTES
[1] Immediate effectiveness, although unusual, of an appellate court's reversal of a trial court's judgment has been ordered in a variety of cases. Shell Oil Co. v. Moore, 260 La. 855, 257 So.2d 432 (1972) (allowing lessor summary procedure); Coleman v. Marzullo, 296 So.2d 437 (La.App. 4 Cir.1974), writ refused 297 So.2d 206 (recognizing corporate directors); In the Matter of Schindler, 336 So.2d 978 (La.App. 4 Cir.1976) (discharging coroner's commitment); Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4 Cir.1979) (recognizing wife's freedom from fault and consequent entitlement to alimony).