LOBRANO, Judge.
Leonard Parker appeals the trial court’s judgments of December 15, 1987 and May *38 31, 1988. The December, 1987 judgment involves child support arrearages and was tried before a commissioner. The May 31, 1988 judgment awarded a change of custody of appellant’s two minor daughters, Lana and Dana Parker, to Diana 0. Parker, the childrens’ mother and appellee herein.
Both parties agree that the December 15, 1987 judgment was rendered by the trial judge without reviewing the hearing transcript. This court has held that where a party files exceptions to a commissioner’s findings, the trial judge must review the trial transcript and render a de novo finding of the disputed facts. Quarles Drilling Corp. v. General Accident Insurance Co., 520 So.2d 475 (La.App. 4th Cir.1988). We therefore vacate the December 15, 1987 judgment and remand for further proceedings consistent with this opinion.
With respect to the May 31, 1988 judgment, Leonard Parker argues that the court incorrectly applied the test enunciated in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980) in deciding the case. He urges that Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) sets forth the correct, more stringent standard, which necessarily requires a reversal when applied to the facts of this case.
Diana Parker agrees that Bergeron v. Bergeron, supra, is the correct rule of law to be applied, but argues that its application will not change the ultimate conclusion that a change in custody is warranted.
An examination of the record reveals that there have been a multitude of actions in this case, seeking the same or similar relief as the one presently before this court. The case originated in 1980 in the Circuit Court of St. Louis County, Missouri. That court awarded the custody of the children to appellant, who subsequently moved to Orleans Parish. After discovering their whereabouts, appellee filed an action in the Civil District Court for the Parish of Orleans seeking a change of custody. Although the district court awarded her custody, this court reversed. Parker v. Parker, 424 So.2d 1070 (La.App. 4th Cir.1982), writ denied 426 So.2d 187 (1983).
In the ensuing years, numerous related actions were filed by both parties in the Civil District Court. The custody of the children remained with appellant until September 9, 1986, when appellee filed the instant rule to permanently change custody. In conjunction with that rule, she also requested an immediate, ex parte order for temporary custody. Based on allegations that appellant harassed and threatened the children, and inflicted physical and sexual abuse on them, Judge Garvey signed the order transferring temporary custody to appellee. He then set a hearing date.[1] Although the case was originally assigned to Judge Yada Magee, she was subsequently recused, and the matter was reassigned to Judge Ortique. He heard the rule on March 15, 16 and 17, 1988. Judgment and extensive written reasons were rendered on May 31, 1988. This appeal followed.
In 1977 the legislature revised Civil Code Article 157 by codifying the “best interest of the child” criteria and excising the maternal preference rule. Our Supreme Court in Bordelon v. Bordelon, supra, interpreted the 1977 revision to mean that the sole criteria to determine child custody matters, whether an initial award or change of custody, is the best interest of the child.
However, in Bergeron v. Bergeron, supra, decided six years later, the court ^expanded and clarified its Bordelon holding and concluded that the 1977 legislation did not tacitly reject the prior jurisprudential rules in change of custody matters. The court held that the heavy burden of proof rule, the change of circumstances rule and the appellate standard of review, which developed before the 1977 legislation, were still applicable to change of custody matters. Thus, in addition to the paramount “best interest of the child”, in change of custody matters, the court set forth the burden of proof rule as follows:
“When a trial court has made a considered decree of permanent custody the *39 party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Id. at 1200.
The court also made it clear that upon appellate review the determination of the trial judge is entitled to great weight and his discretion will not be disturbed absent a clear showing of abuse.
It is clear from the trial judge’s written reasons, the Bordelon “best interest” criteria was the sole basis of his decision. It can be argued that implicit in the holding is the trial court’s consideration of all of the Bergeron factors. However, because this court must place great emphasis on the trial court’s conclusions in child custody matters we deem it appropriate to remand for reconsideration in light of the Bergeron criteria. Accordingly, we vacate the judgment of May 31, 1988 also and remand to the trial court for its further consideration consistent with this opinion.
VACATED AND REMANDED.

. The case was not regularly assigned to Judge Garvey. Presumably he was the duty judge during vacation time when the order was presented.