BOLIN, Judge.
This appeal is from the decision of the lower court affirming, after trial de novo, the refusal of the Town of Hodge to grant petitioner a permit to sell packaged beer within the limits of the municipality. Application for the permit was dated May 3, 1963, and notice of refusal was given by letter dated July 10, 1963. Joined as defendant was the Louisiana Department of Revenue.
*213 Under the provisions of Louisiana LSA-Revised Statutes 26:302 plaintiff appealed devolutively to the district court where trial was commenced on November 12, 1963, but not concluded until May 18, 1964.
By plaintiff’s petition and prayer it seeks review of the denial of its application for the permit and for judgment against defendants ordering and commanding the latter to issue it a permit to sell beer in Hodge.
The district judge observed that he was “undertaking to hand down an opinion as provided by law even though it may be that the case will present a moot question, as held in the 1961 case of Hines v. Village of Goldonna, La.App., reported in 136 So.2d 140.” He then proceeded to decide that the premises of plaintiff Ice Service Corporation, on which it proposed to sell beer, were within 300 feet of a “parish or municipal” public playground and hence fell within the prohibition provided by Ordinance No. 50 of the Village or Town of Hodge and by LSA-Revised Statutes 26:-280.
Both appellant and appellee, in briefs to this court, urge that the real issue is the correctness vel non of the lower court’s decision determining that the playground in question was a “public” playground and was within 300 feet of plaintiff’s premises.
However, before considering the aforesaid questions we feel it necessary to determine whether or not the appeal is moot. The application for a permit was dated May, 1963, and if issued would have terminated December 31, 1963, under the provisions of the controlling statute, LSA-Revised Statutes 26:75. We could not,, therefore, afford plaintiff the relief demanded by his pleadings and any decree which this court would render, even though favorable to plaintiff’s contentions, would be unenforceable. Under the jurisprudential rule established by the Supreme Court and recently re-enunciated in Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960) we conclude the question presented is moot.
Furthermore, any attempt on our part to make a pronouncement upon the correctness of the classification of the playground here involved would be in the nature of a declaratory judgment. No such relief having been requested in the lower court we cannot now convert the proceeding into one for such relief. To do so would transform this court into a court of original jurisdiction since the trial court did not and could not have passed on plaintiff’s future rights as that matter was never before it. State on Relation of Conforto v. City of New Orleans (La.App.Orl.1960) 124 So.2d 155.
For reasons assigned the appeal is dismissed at plaintiff’s cost
Dismissed.