BOLIN, Judge.
Unity Markets, Inc., appeals from a judgment denying plaintiff’s request for mandamus against the Police Jurors of Ouachita Parish, Louisiana, ordering the jurors to issue a 1974 liquor license to plaintiff. The district court granted the writ in part and ordered defendants to issue petitioner a license to sell beer at retail but denied the writ insofar as the license to sell liquor was concerned.
The application for the retail liquor license was first filed with the Ouachita Parish Police Jury on March 1, 1974, after plaintiff had complied with the publication requirements of the appropriate ordinances. It is undisputed that the application was in order and was considered by the police jury in regular meeting on March 18, 1974. The application was tabled “for the reason that the premises sought to be licensed had not been completed.” Again, on May 20, 1974, the application was held up by the jury until “the building is ready for occupancy ; the engineer to investigate the same and all to be considered on June 10, 1974.” On June 10th the matter was deferred until June 17, 1974, at which time the application was rejected “for the reason that the proposed location is too close to a church.” The petition for mandamus was filed September 10, 1974, and the judgment of the district court was signed and filed on October 11, 1974. Appellant perfected its appeal by filing of the appeal bond on December 6, 1974, and the appeal was argued before this court on June 3, 1975.
*151 Both appellee and appellant have urged in brief that the question before this court is whether the trial court correctly refused the issuance of the mandamus ordering the police jury to grant plaintiff a license to sell liquor in Ouachita Parish, because of the construction of a church within 500 feet of plaintiff’s store after the application was filed.
Before reviewing the merits of appellant’s contentions we turn our- attention first to whether a judgment in plaintiff’s favor would avail plaintiff the relief demanded. We take notice of the fact that the license which plaintiff seeks is for the year 1974, and as noted above, this appeal was heard by this court on June 3, 1975.
Pertinent to our decision are the sections of Ouachita Parish Police Jury Ordinance No. 6031, passed October 27, 1948, which provide:
“SECTION TEN. BE IT FURTHER ORDAINED, ETC., That all permits issued under this ordinance are personal privileges, and good only from the time of issuance to December 31st, next following. .
SECTION ELEVEN. BE IT FURTHER ORDAINED, ETC., That the renewal of any permit at the time of its expiration shall be filed in a written application upon forms provided by the Police Jury of the Parish of Ouachita and shall be considered by the said Police Jury in the same manner as an original application.”
Since this is a mandamus proceeding by plaintiff to compel defendants to issue plaintiff a liquor permit for the calendar year 1974, this question is now moot since such a license, if issued, would have expired December 31, 1974.
In similar circumstances the Louisiana Supreme Court held in Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960):
“In the present case it would serve no useful purpose for this Court to determine whether the plaintiff should have been issued a liquor permit for the year 1959 for any decree which this Court would render, if we were to find merit in plaintiff’s contentions, would be unenforceable. This Court will not render judgments which cannot be made effective nor will we give opinions on moot questions or abstract propositions from which no practical results can follow.
See also Ice Service Corporation v. Town of Hodge, 174 So.2d 212 (La.App.2d Cir. 1965); Hines v. Village of Goldonna, 136 So.2d 140 (La.App. 3d Cir. 1961); and Thigpen v. DeSoto Parish Police Jury, 222 So.2d 894 (La.App. 2d Cir. 1969).
Having decided the question on appeal is moot, it is unnecessary to consider whether the lower court was correct in refusing to issue a writ of mandamus against defendants.
The appeal is dismissed at appellant’s cost.