NORRIS, Judge.
The Bleachers Club of Monroe, Ltd. appeals a judgment of the district court upholding the action of the Monroe City Council denying it a Class E liquor permit for 1982 and dismissing its appeal.
On June 22,1982, at a formal meeting of the Monroe City Council, plaintiff’s application for a Class E Alcoholic Beverage Permit was denied by the council. A Class E permit is for private clubs which are defined by the Monroe City Code. The advantage of being classified as a private club under the city ordinances is that such clubs are exempt from regularly established closing hours delineated in the city code. During that same meeting at a later time, the council reconsidered the matter of plaintiff’s application, withdrew its denial and appointed a study committee of one councilman and an assistant city attorney to further investigate the matter.
*391 Thereafter, on July 13, 1982, plaintiff’s application again came before the council for consideration, and the application was denied. The report of the study committee was adopted and entered into the official record of the council as containing the reasons for the denial of the permit being sought.
Thereafter, pursuant to the provisions of La.R.S. 26:104, plaintiff appealed to the district court claiming that the action of the council was arbitrary, capricious, and discriminatory because the grounds on which the city had relied to withhold the permit were not in accordance with law and seeking to mandamus the council to grant and issue the requested permit in accordance with law. The city answered the appeal alleging additional reasons for the denial of the issuance of the permit as well as those reflected by the official minutes of the council meeting.
After hearing all of the evidence, the district court upheld the action of the city council in denying the permit but did so after finding that none of the reasons relied on by the council at the time of the meeting of July 13,1982, were valid reasons to deny the permit. The district court based its holding on its finding that one of the additional reasons filed by the council in its answer to plaintiff’s mandamus proceeding justified the action of the council.
It is from the judgment upholding the action of the Monroe City Council that plaintiff appeals. The judgment appealed from was signed on August 25, 1982. The appeal was lodged with this court on September 27, 1982, and the case was submitted without argument for consideration on our November docket.
Because of the particular posture in which this case is presented to us for review and the relief which the plaintiff is seeking, it is necessary that we initially determine before reviewing the merits of this appeal whether or not a judgment in plaintiff’s behalf would avail plaintiff of the relief which it seeks. Our review of the record reveals that plaintiff is only seeking to have us order the Monroe City Council to grant unto it a Class E liquor permit for the calendar year 1982. This is evidenced by the application for the license itself and by the provisions of the applicable ordinance. See Section 4-2, Monroe City Code. Under the provisions of the applicable ordinance, every retail and wholesale dealer in alcoholic beverages must obtain from the city an appropriate permit to conduct such business during each year in which such business is to be conducted. Therefore, on the date of this decision, the license being sought for the year 1982 would have expired by its own terms. All applications for renewal of such permits must be filed on the thirty-first day of October of the calendar year prior to the year for which the renewal is being sought and if the application for renewal is filed on or after January first of the year for which the permit is required, the application may be denied. The requirements for new or renewal permits are substantially the same. See Sections 4r-8, 4-9, and 4-13, Monroe City Code.
Because it is now 1983, any judgment of this court affording plaintiff any relief whatsoever would be ineffectual and would serve no useful purpose. Based on the record in the posture presented to us, no future rights of the plaintiff are contingent upon its having held a permit for 1982. Therefore, the issue presented to us for determination in this appeal has now become moot. It would serve no useful purpose whatsoever to determine whether plaintiff was entitled to a liquor permit for the year 1982, and any decree in the plaintiff’s favor could not be enforced.
We are aware of jurisprudence wherein the appellate court has chosen to address the issue of the propriety of the denial of a liquor permit even though the permit may have expired by law at the time of the hearing by the appellate court. See Breaux v. Town of Oberlin, 247 So.2d 195 (La.App. 3d Cir.1971). Ho.wever, we construe such review to be limited only to those cases where the plaintiff’s future rights to permits are dependent upon issues presented to the appellate court for review within the pending appeal. Such is not the case *392 presented in the instant appeal. We have reviewed this record and find no overriding issue presented in this case which we could determine that would affect plaintiff’s future rights to a liquor permit should he comply with the requirements of the applicable ordinances. The only issue presented for our review is whether or not plaintiff should have been granted a liquor permit for 1982. Plaintiff does not contest the validity of the ordinance or ordinances in question and has not shown, nor do we find, that his right to a permit in the future is dependent upon the validity of any ordinances existing at the time his application was denied.
Spinato v. Lowe, 239 La. 604, 119 So.2d 480 (1960) and its progeny are clear authority for our holding. In Spinato, the court stated:
In the present case it would serve no useful purpose for this Court to determine whether the plaintiff should have been issued a liquor permit for the year 1959 for any decree which this Court would render, if we were to find merit in plaintiff’s contentions, would be unenforceable. This Court will not render judgments which cannot be made effective nor will we give opinions on moot questions or abstract propositions from which no practical results can follow. [Citations omitted.]
This result is further supported and controlled by our decisions in Unity Markets, Inc. v. Lenard, 316 So.2d 150 (La.App.2d Cir.1975) and Ice Service Corp. v. Town of Hodge, 174 So.2d 212 (La.App.2d Cir.1965).
Having determined that the issue presented by this appeal is moot, it is unnecessary that we consider the correctness of the district court’s ruling.
Accordingly, the appeal is dismissed at plaintiff’s cost.
APPEAL DISMISSED.