550 So.2d 814 (1989)
Mary AYCOCK, Plaintiff/Appellant,
v.
UNION PARISH SCHOOL BOARD, et al., Defendant/Appellee.
No. 20789-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
Writ Denied December 1, 1989.
Jones &Smith by Benjamin Jones, Monroe, for plaintiff/appellant.
Rankin, Yeldell, Herring & Katz by Stephen J. Katz, Bastrop, for defendant/appellee.
Before HALL, NORRIS and SEXTON, JJ.
HALL, Chief Judge.
Plaintiff, Mary Aycock, filed suit on August 15, 1988, seeking a writ of mandamus to compel the Union Parish School Board to rescind the appointment of Lillie Davis as principal of Marion High School. Plaintiff alleged that Ms. Davis was not certified as a school principal and that her appointment was in violation of state certification standards and state law. The defendant school board filed exceptions of improper use of summary proceedings, no cause of action and no right of action. The trial court sustained the defendant's exception of improper use of summary proceedings and dismissed plaintiff's suit. Ms. Aycock devolutively appealed. The school board filed a motion to dismiss the appeal as moot supported by an affidavit showing that after the appeal was lodged in this court the school board removed Ms. Davis as principal and appointed a certified principal. These facts are not disputed by appellant. Finding merit to the school board's motion, we dismiss the appeal.
According to the allegations of plaintiff's petition, the Union Parish School Board sought applications for the position of principal of Marion High School in June of 1988. Applicants were reviewed by the board's professional and personnel committees. Both committees recommended plaintiff for the position. On July 5, 1988, the board held a regular meeting at which it disregarded the committee recommendations and appointed Lillie Davis, who was not certified as a principal, to the Marion High position. In the trial court, plaintiff maintained the position that her purpose was not to have herself appointed, but only to have a certified person appointed.
After a hearing, the trial court ruled that Ms. Aycock's suit was premature because the statutory procedures provided in LSA-R.S. 17:10 et seq. had not been completed, *815 and because the board action sought is not purely ministerial.
After her suit was dismissed as an improper use of summary proceedings, Ms. Aycock appealed devolutively to this court. Subsequent to the lodging of her appeal, the school board removed Lillie Davis as principal at Marion High and appointed Mr. Billie Joe Hodnett, a certified principal, to the position, effective January 24, 1989. It is alleged by the school board that Ms. Aycock's suit is now moot.
Ms. Aycock's suit had only one object, the removal of an non-certified person as principal of Marion High School. The object of plaintiff's suit has been achieved. When the object of one's suit has been fulfilled, the suit is moot. Caspari v. Deblieux, 391 So.2d 494 (La.App.3d Cir.1980); Fulford v. Guissinger, 452 So.2d 1311 (La.App. 1st Cir.1984).
It is a well established principle of law that appellate courts will not render advisory opinions from which no practical results can follow. United Teachers of New Orleans v. Orleans Parish School Board, 355 So.2d 899 (La.1978). A court is not required to decide moot questions or abstract propositions, or to declare, for the governance of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. The merits of plaintiff's entitlement to mandamus and the efficacy of defendant's exceptions are moot questions. St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987).
Plaintiff asserts that dismissal of the appeal will cause the school board's alleged defiance of the law to go unanswered and encourage similar action in the future. A similar argument was rejected in Louisiana State Licensing Board for Contractors v. Cedotal, 458 So.2d 503 (La.App. 1st Cir.1984). In Cedotal, an injunction was sought to halt the construction of a building on the basis that the builders/defendants were not licensed contractors. A preliminary injunction was denied and that judgment was appealed. Before the appeal could be heard, the building was completed. Appellees sought to have the appeal dismissed as moot. Appellant challenged, alleging that its power to regulate unlicensed contractors would be hindered if the appeal were dismissed as moot. This argument was rejected and the appeal dismissed.
This case does not involve repetitive circumstances likely to evade judicial review, nor does it present an issue which will determine plaintiff's future rights. See Bleachers Club of Monroe, Ltd. v. City of Monroe, 426 So.2d 390 (La.App.2d Cir. 1983).
Plaintiff asserts that the appeal is not moot because a reversal would affect her liability for court costs. An appellate court will not decide questions which have become moot merely to determine upon whom the cost of litigation should fall. See Lake Charles Metal Trades Council v. Newport Industries, 181 F.2d 820 (5th Cir. 1950); J.B. Levert Co., Ltd. v. John T. Moore Painting Co., Ltd., 141 La. 522, 75 So. 228 (1917).
For the reasons assigned, the appeal is dismissed as moot.
Appeal dismissed.