599 So.2d 450 (1992)
Evelena JOHNSON, Plaintiff-Appellant-Appellee,
v.
Lanny JOHNSON, Individually and in His Capacity as Superintendent of the Ouachita Parish School Board, and Ouachita Parish School Board, Defendants-Appellees-Appellants.
No. 23519-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
*451 Kidd-Culpepper by Paul Henry Kidd, Monroe, for plaintiff-appellant-appellee.
Dollar, Price, Noah & Laird by Elmer G. Noah, II, John C. Laird, Monroe, for defendants-appellees-appellants.
Before MARVIN, SEXTON and BROWN, JJ.
SEXTON, Judge.
Both the plaintiff, Evelena Johnson, and the defendants, the Ouachita Parish School Board (the Board) and its superintendent, Lanny Johnson, appeal adverse aspects of the trial court judgment, which enjoined a tenure hearing scheduled for August 8, 1991, for failure of the defendants to follow the notice provisions of the teacher tenure law, LSA-R.S. 17:443. Further, although the trial court found defendants had violated the School Employee Personnel Files Act, LSA-R.S. 17:1231, et seq., the court found that such a violation was not grounds for an injunction. For the reasons expressed herein, we dismiss the appeals as moot.
The plaintiff is an English teacher at West Monroe High School in the Ouachita Parish school system. Dr. Lanny Johnson, no relation to the plaintiff, is superintendent of the Ouachita Parish School Board. The instant lawsuit arose as a petition for damages and injunctive relief to redress past and to prevent future harassment allegedly directed at the plaintiff by Dr. Johnson, individually and in his capacity as superintendent of the Board.
After plaintiff's petition was filed, she was informed, by letter dated June 4, 1991, that the Board had scheduled a tenure hearing for August 8, 1991, to determine whether plaintiff's employment should be terminated. Thereafter, plaintiff filed a supplemental petition adding the Board as a defendant and seeking to enjoin the tenure hearing scheduled for August 8, 1991. The defendants filed exceptions of unauthorized use of summary proceedings, arguing that summary proceedings to obtain an injunction were inappropriate as plaintiff could not show irreparable injury because the teacher tenure statute provides an adequate remedy in the form of judicial review of an adverse decision. LSA-R.S. 17:443 B.
Both the exceptions and the merits of the preliminary injunction were heard on July 10, 1991. Plaintiff abandoned her demands seeking an injunction against Dr. Johnson for harassment. The trial court overruled defendants' exceptions of unauthorized use of summary proceedings. Further, the trial court enjoined defendants from conducting a tenure hearing concerning plaintiff on August 8, 1991, until and unless all provisions of LSA-R.S. 17:443 are complied with concerning specific charges and notice of possible witnesses. The trial court found that a failure to comply with these notice requirements would irreparably injure the plaintiff. Finally, the trial court found that defendants had not complied with the requirements of the School Employee Personnel Files Act, LSA-R.S. 17:1231, et seq., as written evidence intended to be used by the defendants at the tenure hearing had not been made a part of plaintiff's personnel file. However, the trial court found that the violation of the School Employee Personnel Files Act did not irreparably injure the plaintiff nor entitle her to injunctive relief as to the tenure hearing. Both plaintiff and the defendants have appealed this judgment.
Appellate courts will not render advisory opinions from which no practical results can follow. United Teachers of New Orleans v. Orleans Parish School Board, 355 So.2d 899 (La.1978); Aycock v. Union Parish School Board, 550 So.2d 814 (La.App.2d Cir.1989), writ denied, 552 So.2d 399 (La.1989). A court is not required to decide moot questions or abstract propositions, or to decide, for the governance of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. Aycock v. Union Parish School Board, supra. In Ponds v. Treen, 407 So.2d 671 (La.1981), the issue of whether the trial court had appropriately enjoined a scheduled election was rendered moot when the date scheduled for the election had passed prior to the case being considered on appeal.
The same rationale is appropriate in the instant case. The trial court's opinion *452 enjoined the tenure hearing scheduled for August 8, 1991. That date has since passed. Any opinion from this court as to the propriety of the injunction, whether the Board violated the School Employee Personnel Files Act, or the proper remedy for a violation of that act, would clearly constitute an advisory opinion.
Plaintiff's appeal, on the other hand, seeks an injunction prohibiting any possible future tenure hearings as a remedy for the asserted violation of the School Employee Personnel Files Act.
The purpose of an injunction is not to afford a remedy for what has happened in the past, but to prevent the occurrence of future unlawful or injurious actions which pose irreparable injury. It is insufficient for plaintiff to show that unlawful acts have been committed in the past or that she fears these acts will be committed again. LSA-C.C.P. Art. 3601; Hairford v. Perkins, 520 So.2d 1053 (La. App. 3d Cir.1987).
In this respect, there is nothing in the record other than plaintiff's assertion in brief to this court that a new tenure hearing has been scheduled. More importantly, on this record it is less than clear what plaintiff's appropriate remedy is in the event of violation of the School Employee Personnel Files Act, i.e., is the aggrieved teacher entitled to an injunction precluding any tenure hearing or do such violations merely present grounds for evidentiary objections at such a tenure hearing or do such violations provide other grounds for relief? Any opinion, considering the posture of this case, would be merely advisory. Plaintiff may, of course, raise such issues should a tenure hearing again be scheduled.
For the above and foregoing reasons, we dismiss the appeals as moot. Costs here are assessed equally to the plaintiff and the defendants, to the extent costs may be legally assessed against the school board.
APPEALS DISMISSED.