698 So.2d 705 (1997)
H. Donald McCHESNEY, Plaintiff-Appellant,
v.
Karen McFerren PENN, Defendant-Appellee.
No. 29776-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1997.
*706 Frederick L. Miller, Baton Rouge, for Appellant.
Smitherman, Lunn, Chastain & Hill by Donald Lee Brice, Jr., Shreveport, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
GASKINS, Judge.
The plaintiff, H. Donald McChesney, appeals from a trial court judgment finding that the defendant, Karen McFerren Penn, is the owner of a tract of immovable property acquired pursuant to a tax sale from the City of Shreveport in 1986. For the following reasons, we affirm.

FACTS
The plaintiff claims to be the holder in due course of a promissory note for $30,000.00 executed on October 31, 1985 by Prabhudas and Associates, Inc. (Prabhudas) and payable to the holder. The note was secured by a mortgage on Lot 14, Woodland Springs Addition, Caddo Parish, the property at issue here. The note was also secured by an assignment of rents and leases on the property from Prabhudas to the plaintiff.
The property changed ownership six times from May 31, 1985 until October 13, 1996. Relevant events in the history of the disputed tract are as follows:
 May 31, 1985Title conveyed from John M. Croft, et ux. to Michael Alan Simpson, et al.
 August 20, 1985Title conveyed from Michael Alan Simpson, et al. to P. Carter Rogers, et ux.
 October 31, 1985Title conveyed from P. Carter Rogers, et ux. to Prabhudas and Associates, Inc.
 October 31, 1985Prabhudas and Associates, Inc. executed a mortgage on the property in favor of "Any Future Holder" in the amount of $30,000.00
 October 31, 1985Prabhudas and Associates, Inc. executed an assignment of rents and leases to the plaintiff
 July 14, 1986Title conveyed from Prabhudas and Associates, Inc. to P. Carter Rogers, et ux.
 July 15, 1986Title conveyed from P. Carter Rogers, et ux. to J.R. Dawson, et ux.
 October 13, 1986Title conveyed from J.R. Dawson, et ux. to P. Carter Rogers, et ux.
The 1985 city and parish taxes were not paid on this property. On May 27, 1986, after advertising the pending tax sale and notifying the record owner, the parish sold the property to Claude Dance, III. On June 4, 1986, after the required publication, the city also sold the same property to Penn Development Company for unpaid taxes. On July 15, 1988, Penn Development Company transferred its interest in the property to Michael J. Penn and the defendant, Karen M. Penn. On March 31, 1989, Michael J. Penn transferred his interest in the property to Karen M. Penn, in a community property settlement. On March 12, 1996, Claude Dance, III transferred to Karen McFerren Penn (now Slagle) all his right, title and interest in the property, thereby unifying the tax title in the defendant.
The plaintiff, H. Donald McChesney, filed suit against the defendant on February 12, 1993, alleging that, as mortgagee of the property, he did not get notice of the impending city tax sale, rendering that sale a nullity. In the alternative, he sought to have the mortgage on the property recognized. The plaintiff eventually amended his claim to include the alleged invalidity of the parish tax sale as well. The plaintiff alleged that under the Due Process Clause of the Fourteenth Amendment and the holding of the United States Supreme Court in Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), as a mortgage holder on the property, he was entitled to notice of the impending sale of the property *707 and that the failure by the city and parish to so inform him violated due process, rendering both sales absolute nullities.
The defendant argued that the plaintiff failed to establish that he was entitled to notice under La. R.S. 47:2180.1. The statute provides that the tax collector must address notice of tax delinquency to all mortgage holders who have notified the tax collector of a recorded mortgage and have paid a fee of five dollars annually per tax assessment. The notice is to be sent to each person holding a properly recorded mortgage on property for which taxes are delinquent by certified mail, return receipt requested, or by personal or domiciliary service on the mortgagee. The statute also provides that, notwithstanding any law to the contrary, a tax sale shall not be annulled or set aside due to lack of notice to the mortgagee.
The plaintiff acknowledged that La. R.S. 47:2180.1 provides that a mortgage holder may request notice of impending sales of property from the city or parish taxing authorities and that he did not request such notice. However, he amended his petition to allege that this statute is unconstitutional in light of the holding in Mennonite, supra. The plaintiff essentially argues that La. R.S. 47:2180.1 is unconstitutional if construed to mean that the state has shifted the burden of ensuring adequate notice from the taxing authority to the mortgagee.
A hearing on this case was held in the trial court on April 4, 1996. The parties stipulated to the chain of title, mortgage certificate, publication of notice of the city and parish tax sales, the amount of taxes paid by the defendant since the tax sales, the amount paid by the defendant in improvements, and the amount the defendant paid Mr. Dance for his interest in the property.
The plaintiff testified that he is a resident of Pennsylvania and is the holder of a promissory note from Prabhudas for $30,000.00, executed on October 31, 1985. The note was secured by a mortgage and by an assignment of rents and leases on the property at issue here. The plaintiff claimed that a local bank held the note for collection and that no payments had been made on the note since December 27, 1989. He testified that he first became aware in November or December, 1992 that the property had been sold for unpaid taxes. He asserted that he got no notice of the impending tax sales. He argued that Mennonite requires that a mortgagee receive actual notice of a tax sale, not simply constructive notice by publication.
The trial court rejected the plaintiff's claims and declared the defendant to be the owner of the property. In written reasons for judgment filed on August 7, 1996, the trial court found that this matter was controlled by Mennonite, supra, which stated that, because a mortgage holder has a legally protected property interest, due process requires that he receive reasonable notice of an impending tax sale. However, the trial court found that the form of the notice differed depending on whether the mortgage holder is reasonably identifiable in the mortgage.
The trial court reasoned that, under Mennonite, supra, if the mortgage holder is identified in the mortgage, the constructive notice by publication must be supplemented by notice mailed to the mortgage holder's last known address or by personal service. However, if the mortgage holder is not reasonably identifiable, then constructive notice by publication is sufficient. In this case, the mortgage reflects only that it is payable to "any future holder." The trial court noted that there is no named representative of the mortgage holder or an address identifying him in the mortgage document. The court found that the plaintiff in this case was not reasonably identifiable as a mortgage holder in the mortgage document and therefore, constructive notice of the tax sale by publication was sufficient to satisfy due process.
The trial court also rejected the plaintiff's contention that the taxing authorities should have further examined the mortgage records for the assignment of rents and leases. The trial court noted that in Mennonite, supra, the U.S. Supreme Court held that governing bodies do not have to take extraordinary efforts to discover a mortgagee whose identify is not in the public record. The trial court noted that the assignment of rents and leases was not listed as an uncancelled encumbrance on the mortgage certificate.
*708 The trial court stated that it had previously found La. R.S. 47:2180.1 to be constitutional and would not change its opinion in this case. The court further found that the failure to redeem the property following the tax sales after recordation acts as a cancellation of all conventional and judicial mortgages. The trial court noted that the issues of prescription and reinscription of the mortgage were rendered moot by the court's ruling upholding the validity of the tax sales. The trial court filed judgment on August 22, 1996, dismissing the plaintiff's demands and finding that title and ownership of the disputed property are quieted and confirmed in the defendant. The plaintiff suspensively appealed the trial court judgment.

DUE PROCESS NOTICE REQUIREMENTS
The plaintiff argues that, as mortgagee of the property, he was entitled to notice of the sale, other than by publication, and that failure to give him notice violates due process and invalidates both tax sales. The plaintiff contends that there is no evidence that the taxing authorities tried to determine if there were creditors' rights that would be affected by the tax sale. The plaintiff asserts that his interest in the property was reasonably ascertainable by the taxing authorities in this case. While acknowledging that he is not named as the mortgagee in the mortgage itself, he argues that he is identified in an assignment of rents and leases on the property that is indexed in the mortgage records directly behind the mortgage. The plaintiff asserts that if the taxing authorities had properly reviewed the mortgage records, both documents would have been found and his identity as the mortgagee would have been ascertained. This argument is without merit.
In Mennonite Board of Missions v. Adams, supra, a party purchased property from Mennonite Board of Missions (MBM), secured by a mortgage to MBM on the property. The purchaser was to pay the property taxes and failed to do so. Indiana law provided for the annual sale of real property on which payments of property taxes had been delinquent for 15 months or longer. Before the sale, the county auditor was required to post notice in the county courthouse and publish notice once each week for three consecutive weeks. The owner of property was entitled to notice by certified mail at his last known address. However, at that time, Indiana law did not afford notice by mail or personal service to mortgagees of property to be sold for nonpayment of taxes. According to state law, actual notice of the impending tax sale was given to the property owner, but not to MBM. Constructive notice of the impending tax sale was accomplished and the property was sold. However, the defendant continued to make the mortgage payments to the MBM. Approximately two years later when the tax purchaser brought suit to quiet title to the property, MBM learned of the tax sale and objected that it did not receive constitutionally adequate notice of the pending tax sale or the opportunity to redeem the property after the tax sale. The United State Supreme Court agreed, citing Mullane v. Central Hanover Bank and Trust Company, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), which held that prior to an action which will affect an interest in life, liberty or property protected by the Due Process Clause of the Fourteenth Amendment, the state must provide "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In Mennonite, supra, the United States Supreme Court held that a mortgagee possesses a substantial property interest that is significantly affected by a tax sale. Since a mortgagee has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending sale. The Court found that when the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address or by personal service. Unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of Mullane, supra. In a footnote, the Court stated that "we do not suggest, however, that a governmental body is required to undertake extraordinary efforts to discover the *709 identity and whereabouts of a mortgagee whose identity is not in the public record."
In construing the holding of Mennonite, supra, the United States Fifth Circuit in Davis Oil Company v. Mills, 873 F.2d 774 (5th Cir.1989), addressed the issue of when a party with a significant property interest is reasonably identifiable and entitled to actual rather than constructive notice. That case concerned the foreclosure of property on which the plaintiff held a mineral lease which was recorded in the parish conveyance records. The plaintiff was not given actual notice of the foreclosure. The court found that constructive notice was sufficient in that case because the plaintiff's interest in the property was not reasonably available to the seizing creditor. In finding that constructive notice was sufficient as to the plaintiff, the court stated, "[W]e do not construe Mennonite as requiring actual notice to every party who has a publicly recorded interest in the subject property." The court stated, "Accordingly, the reasonableness of constructive notice in a particular case may turn on the nature of the property interest at stake and the relative ease or difficulty of identifying such interest holders from the land records and also the existence of alternative means of insuring the receipt of notice." See also Drury v. Watkins, 546 So.2d 1280 (La.App. 1st Cir.1989); Parkview Oak Subdivision Corp. v. Tridico, 95-0604 (La.App. 1st Cir. 11/9/95) 667 So.2d 1101, writ denied 96-0622 (La.5/10/96), 672 So.2d 921.
The question in this case is whether, as required by Mennonite Board of Missions v. Adams, supra, the plaintiff mortgagee in this case was "identified in a mortgage that is publicly recorded." As held in Mennonite, if the mortgagee is not reasonably identifiable, constructive notice of the tax sale is sufficient to satisfy due process requirements. We find, as did the trial court, that the plaintiff in this case was not reasonably identifiable and therefore constructive notice of the tax sale satisfied due process requirements as to him.
As noted by the trial court, the mortgage executed by Prabhudas on October 31, 1985, was payable to "any future holder." The plaintiff is neither named in the mortgage nor identified anywhere in that document as the mortgagee nor is the document written on a form which would indicate the identity of the mortgagee. The plaintiff argues that, because the assignment of rents and leases was filed into the mortgage records directly behind the mortgage, the city and parish taxing authorities should have been able to ascertain that the plaintiff was the holder of the mortgage. The record does not support this argument.
In examining the mortgage at issue here, there is nothing to indicate the existence of an assignment of rents and leases between Prabhudas and the plaintiff or that such a document would provide clues as to the holder of the mortgage. There is nothing to alert a tax collector as to the existence of Mr. McChesney, any connection between him and Prabhudas, or any interest that the plaintiff might have in this mortgage payable to "any future holder." While the assignment of rents and leases mentions a mortgage between the plaintiff and Prabhudas, identified by a property description, the amount of the mortgage and the date of execution, this language does not contain the recordation number of the mortgage or any other information linking the assignment to the mortgage at issue here.
We find it significant that the assignment of rents and leases is a separate security device which in 1985 was required to be recorded in the conveyance records. See La. R.S. 9:4401. Such assignment gives no power of foreclosure over the property in the same manner as mortgages, liens or privileges which are deemed canceled under La. R.S. 47:2183 B as the result of a tax sale. Whatever the effect of the tax sale upon the assignment of rents and leases, this suit seeks recognition only of plaintiff's mortgage which is altogether a separate right with the identity of the mortgagee unclear.
In contrast to the mortgagee in Mennonite, supra, nothing in the present mortgage identifies the mortgagee. The mere fact that the assignment of rents and leases was recorded in the mortgage books directly after the mortgage is not dispositive of the issue. The link between the two documents was not such as to be easily ascertainable by the *710 taxing authorities. Under the facts of this case, in order for the city and parish taxing authorities to identify and know the whereabouts of the plaintiff as the holder of the mortgage, they would have been required to undertake the kind of extraordinary efforts found to be unnecessary in Mennonite, supra. Because the plaintiff was not reasonably identifiable in the mortgage, due process required nothing more than that he receive constructive notice of the tax sales. It is undisputed that constructive notice was accomplished in this case. Therefore, the trial court correctly found that, even though the plaintiff did not receive actual notice of the impending tax sales, because he received constructive notice, his due process rights were not violated and the sales were valid.

CONSTITUTIONALITY OF STATUTE
The plaintiff also argues that La. R.S. 47:2180.1 is unconstitutional. He asserts that the issue before this court is whether the statute, in requiring a creditor to request notice of a tax sale, satisfies the due process requirements of Mennonite, supra. The plaintiff asserts that the statute is an obvious effort by the legislature to shift the constitutional duty of notice to mortgage holders away from the tax collector and to the creditor.
La. R.S. 47:2180.1 provides:
A. On the second day of January each year or as soon thereafter as possible, the tax collector shall address to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent, if such mortgage holder has notified the tax collector of such recorded mortgage, a written notice as provided in R.S. 47:2180 that the taxes on the immovable must be paid within twenty days after the service or mailing of the notice or the property will be sold according to law. The notice shall be sent to each person holding a properly recorded mortgage on immovable property for which taxes are delinquent by certified mail return receipt requested or by personal or domiciliary service on the mortgagee. The notification by the mortgagee to the tax collector shall state the legal description of the immovable property and the name of the record owner. The mortgagee requiring notice of delinquency shall pay the sum of five dollars annually, per assessment, to the sheriff to defray the cost of providing the notice. The notification by the mortgagee to the tax collector shall be renewed annually.
B. (1) If one person holding a properly recorded mortgage on immovable property holds more than one properly recorded mortgage on the same immovable or if one mortgagee holds properly recorded mortgages on more than one immovable and taxes on the immovable are delinquent, the tax collector shall send only one written notice to the holder of the properly recorded mortgage as required by R.S. 47:2180.1(A) listing every immovable on which the person holds a properly recorded mortgage and the taxes which are delinquent and due for each immovable.
(2) Notwithstanding any other law to the contrary, a tax sale shall not be annulled or set aside due to lack of notice to the mortgagee as provided herein.
This statute was enacted by Acts 1984, No. 585, § 1 to "require the tax collector to send notice of taxes due on immovables to each holder of a properly recorded mortgage on the immovable under certain conditions." The statute provides a procedure whereby mortgage holders may request notice of tax delinquency and thus protect their property interests. Louisiana jurisprudence holds that the failure of a mortgagee to request notice of tax delinquency under the statute defeats any claim of due process violations for lack of notice. Barca v. Reed, 93-1081 (La.App. 1st Cir. 4/8/94), 635 So.2d 771, writ granted 94-1166 (La.7/5/94), 639 So.2d 1184; Hodges Ward Purrington Properties v. Lee, 601 So.2d 358 (La.App. 5th Cir.1992). However, in Barca v. Reed, supra, the Louisiana Supreme Court granted writs with instructions including allowing the plaintiff to amend his petition and to further delineate the constitutional issue raised in his petition.
In this case, it is undisputed that the plaintiff did not request notice of tax delinquency under La. R.S. 47:2180.1. The defendant argued that the plaintiff's failure to do so defeated his due process claim. In the trial court, and on appeal, the plaintiff attacks the constitutionality of the statute. However, we do not reach discussion of this *711 issue. As set forth above, we find that the plaintiff was not reasonably identifiable as a mortgage holder in this case therefore, under the clear terms of Mennonite, supra, constructive notice of the tax sale was sufficient to satisfy due process notice requirements as to Mr. McChesney. Although he could have protected his property interest by requesting notice under La. R.S. 47:2180.1, his failure to do so is not dispositive of the issues presented here. Because we find that, under the facts presented in this case, the plaintiff's Fourteenth Amendment Due Process rights were not violated, La. R.S. 47:2180.1 has no bearing on our decision. A discussion of the constitutionality of the statute would be merely advisory. It is a well settled principle of law that appellate courts will not render advisory opinions from which no practical results can follow. Aycock v. Union Parish School Board, 550 So.2d 814 (La. App. 2d Cir.1989); Johnson v. Johnson, 599 So.2d 450 (La.App. 2d Cir.1992).

CONCLUSION
For the reasons stated above, we affirm the judgment of the trial court in all respects, dismissing the demands of the plaintiff, H. Donald McChesney, and quieting and confirming title and ownership of the disputed property in the defendant, Karen McFerren Penn.
AFFIRMED.