laCANNELLA, Judge.
The State of Louisiana, through the Department of Social Services, Office of Community Services (OCS), appeals from a ruling by the Jefferson Parish Juvenile Court that OCS had failed to follow certain provisions of the Children’s Code and certain court rules. For the reasons which follow, we dismiss the appeal.
This case involves the care and placement of a minor child, C.W., a nine year old female, who had previously been placed in the custody of OCS and was moved to a psychiatric hospital. An attorney with the Mental Health Advocacy Service, appointed to represent C.W., filed a Petition for Writ of Habeas Corpus in juvenile court on June 27, 1997. On July 1, 1997, the juvenile court held a hearing on the petition. The matter was taken under advisement and judgment was rendered on October 1,1997. The judgment provided as follows:
^Considering the law and the evidence and for the attached written reasons, this Court finds that OCS has failed to follow the clear intent and directives of the Children’s Code, specifically the requirements of La.Ch.C. Art. 683(D) and 714(D)(2), and further Court Rule 5.3, which reinforces, reiterates and provides a procedural mechanism for that required by the Children’s Code.
This judgment does not effect the rights of the parties and no practical results flow from it. There is nothing in the judgment concerning the effect of the ruling on the proper placement of the child. The judgment does not assess a penalty against OCS for not complying with the codal provisions or court rules and it does not order OCS to perform any action.
This matter was brought before this court previously by writ application. State in the Interest of C.W., 97-1102 (La.App. 5th Cir. 12/17/97). This court refused writs with the following language:
Considering that the juvenile court has not ordered OCS to comply with the provisions of the Children’s Code nor has it ordered that the child be released from the psychiatric hospital for noncompliance, any opinion from the court regarding this issue would constitute an advisory opinion, and appellate courts do not render advisory opinions. Johnson v. Johnson, 599 So.2d 450 (La.App. 2nd Cir.1992)
The same issues are again being presented, but this time by way of appeal. Again, we find that any ruling by' this court on the matter would be purely advisory as it will not effect the outcome of the legal dispute at hand.
 It is a well settled principle of law that appellate courts will not render advisory opinions from which no practical results can follow. McChesney v. Penn, 29,776 (La.App. 2nd Cir. 8/20/97), 698 So.2d 705; Aycock v. Union Parish School Board, 550 So.2d 814 (La.App. 2nd Cir.1989); Johnson v. Johnson, 599 So.2d 450 (La.App. 2nd Cir.1992). Absent a justiciable issue, |4that is, one brought by adverse parties with opposing claims ripe for judicial determination, any action by the court is improper. Perschall v. State, 96-0322 (La. 7/1/97), 697 So.2d 240. The Louisiana Constitution implicitly prohibits courts from issuing advisory opinions which will not affect the parties' rights. Midboe v. Commission on Ethics for Public Employees, 646 So.2d 351, (La.1994); Church Point Wholesale Beverage v. Tarver, 614 So.2d 697 (La. 1993).
In the instant case, as we previously noted in our action on the application for supervisory writs, no practical results will follow from any opinion by this court on the judgment rendered by the juvenile court. Therefore, we find that OCS is requesting an advisory opinion from this court which we have no authority to render.
*247 Accordingly, for the reasons stated 'above, the appeal by OCS is dismissed and OCS is assessed costs.
DISMISSED.