*310
ON REHEARING

FREDERICKA HOMBERG WICKER, Judge.
laThis case is before the Court on the plaintiff/appellant’s, Romano Wholesale Liquor Company, Inc. (the “company”), Application for Rehearing. In our original opinion dated June 14, 2011, we affirmed the trial court’s judgment wherein it found that the company’s claim against the defendant/appellee, Capital One, N.A., had prescribed. Approximately one month after rendering our opinion, however, the company filed its Application for Rehearing. The application alleged that on July 13, 2011, Patrick Jude DeJean discovered a green money bag in a- fifing cabinet at the company’s main office that contained a letter from Ms. Diane Fennidy which explained what happened to the deposit Marcel DeJean made on February 7, 1999. The company contends that the letter constitutes newly |4discovered evidence and requests that this Court remand the matter to the district court. For the reasons discussed below, we vacate our opinion rendered on June 14, 2011, dismiss the appeal, and remand this matter to the district court for a hearing to determine whether the letter constitutes newly discovered evidence and for other proceedings as necessary.
In its September 1, 2010 judgment, the district court addressed Capitol One’s Exceptions of Prescription, No Right of Action and No Cause of Action which had come before the court for hearing on August 25, 2010. In that judgment, the district court specifically ruled upon the exception of prescription but did not to rule upon the exceptions of no right of action and no cause of action. In fight of the district court’s ruling on the exception of prescription, the exceptions of no right and no cause of action presumably became moot. The trial court’s September 1, 2010 judgment states “[t]his matter came before the court on defendant’s Exceptions of No Right of Action, No Cause of Action and Prescription....” (emphasis added). The judgment further stated, “plaintiffs do not oppose defendants’ exceptions of no cause and no right of action.” Although the judgment recognizes that the plaintiffs did not oppose the exceptions of no cause and no right of action, the decretal language is silent on the issue. The judgment speaks only of the exception of prescription. Specifically, it provides, “IT IS ORDERED ADJUDGED AND DECREED that the defendant’s Exception of Prescription is hereby maintained, dismissing plaintiffs petition.” The only trial court action complained of on this appeal was the grant of the exception of prescription.
On rehearing, however, the company argues that the letter, which it alleges is newly discovered evidence, calls into question our previous determination that the doctrine of contra non valentem is inapplicable in this case because the company was presumably aware that $1,387,595.13 was deposited into its | .^corporate account. Appellant also argues that the allegedly newly discovered evidence establishes that Katherine DeJean Richardson and Patrick Jude DeJean have a right of action in this matter. We note, however, that neither Katherine DeJean Richardson nor Patrick Jude DeJean were parties to this appeal.
Generally, courts of appeal are constrained to review only those issues which were submitted to the trial court. See Uniform Rules — Courts of Appeal, Rule 1-3. Moreover, courts of appeal are further constrained to consider only those documents which were offered, accepted, and introduced into evidence at the trial level and have become a part of the record. Jackson v. United Serv. Auto. Ass’n Cas. Ins. Co., 08-0333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512, 515 (“evidence not properly *311 and officially offered and introduced cannot be considered on appeal, even if the evidence is physically placed in the record.”). Obviously, the Diane Fennidy letter meets neither requirement because it was not reviewed by the trial court nor entered into evidence below. So, before the contents of the letter can be considered by this court, it must be determined whether, as a matter of law, the document constitutes “newly discovered evidence.” Furthermore, the letter may not be considered here unless it becomes part of the record lodged. In the first instance, the trial court should make the determination whether the letter constitutes newly discovered evidence and then whether it should be admitted into evidence.
Considering that the trial court did not rule on the exceptions of no right and no cause of action, those exceptions are arguably still pending before the district court. Thus, any ruling by this Court regarding the letter’s status as “newly discovered evidence” may serve as an advisory opinion. Such opinions are implicitly prohibited by the Louisiana Constitution. See State in Interest of C.W., 97-1229 (La.App. 5 Cir. 4/13/98), 712 So.2d 245, 246. Therefore, we vacate our |fiopinion rendered on June 14, 2011, dismiss the appeal and remand the matter to the district court for a hearing on the question of whether the letter constitutes newly discovered evidence and for other proceedings consistent with this opinion. We reserve the parties right to re-file the appeal thereafter.

JUNE 14, 2011 OPINION VACATED; APPEAL DISMISSED; CASE REMANDED TO THE DISTRICT COURT FOR HEARING AND OTHER PROCEEDINGS AS NECESSARY.